# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SCOTT JOHANNESSEN,<br>an individual, | §<br>§<br>§ | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| v. | §<br>§ | |
| BAC HOME LOANS SERVICING, LP,<br>a limited partnership;<br>BANK OF AMERICA, N.A.,<br>a corporation;  and<br>QUALITY LOAN SERVICE CORP.,<br>a corporation, | §<br>§<br>§<br>§<br>§<br>§<br>§ | DEMAND FOR JURY TRIAL |
| Defendants. | §<br>§ | |

## COMPLAINT FOR
## DAMAGES, PERMANENT INJUNCTION AND OTHER RELIEF

### PRELIMINARY STATEMENT

This is a civil action that concerns mortgage loan servicing abuses, including unlawful residential foreclosure practices, used in conjunction with the collection of consumer debts.

Certain of the entities named herein believe engaging in unsafe and unsound business practices, as recently determined by executive agencies of the United States and various states' governments, is an acceptable way of doing business.  Those same faceless companies also apparently believe rubber-stamping commercial paper endorsements; "robosigning" documents in secretive loan servicing vaults without the purported signatories' participation or personal knowledge; executing belated and void deed assignments; violating federal and state Fair Debt Collection Practices Acts; violating the Real Estate Settlement Procedures Act; violating the Truth In Lending Act; violating the automatic debtor and co-debtor stays under 11 U.S.C. § 362(a) and 11 U.S.C. § 1301(a); passing off untrustworthy and dubious commercial paper as authentic; and using questionable business records and improper procedures lacking

adequate notice do not rise to the level of actionable claims. Plaintiff respectfully submits that Defendants are wrong.

Defendants also evidently suppose that the best defense is to go on the offense and attack the character and integrity of the messenger who is shining the bright light of wrongdoing on the offending parties, i.e., Defendants. This is a common strategy of Defendants that will undoubtedly play out in this case. That is, "if the facts are on your side argue the facts, if the laws are on your side argue the laws, *but if you have neither on your side ... attack the plaintiff*." If history repeats itself, in this action the latter of the three stratagems will likely be Defendants' *modus operandi*.

Plaintiff fully understands that by filing this action he will be perceived by some as "calling out" and "taking on" one of the largest financial institutions in the world. On the level playing field of federal district court, however, Plaintiff believes that with the support of federal and state statutes and laws, the Federal Rules of Evidence and the Federal Rules Civil Procedure he will have an opportunity to pursue his claims amidst what has already been a "war of attrition" and a game of "hide the ball" repeatedly employed by Defendants, i.e., stall, delay, disarm, tear down and wear out the "little guy."

Plaintiff respectfully requests that this Court not countenance such transparent tactics of diversion, deception and improper leverage of financial might. Superficially and at first glance Defendants' methods and presentments may have some semblance of intellectual fancy or appeal, but Plaintiff respectfully submits that a more careful and detailed examination of the facts, not the fiction, "supporting" Defendants' claims reveals that their defensive positions are unfounded and fatal as a matter of law and as a matter of evidence.[1]

---

[1] Defendants' line of attack on the messenger in order to divert attention away from the message typically relies on three oft-used tools of logical fallacy: (1) the "strawman" fallacy, i.e., you misrepresent someone's argument to make it easier to attack; (2) the "ad hominem" fallacy, i.e., you attack your opponent's character and integrity in an attempt to undermine their argument; and (3) the "false cause" fallacy, i.e., you presume that a real or perceived relationship between things means that one is the cause of the other. It is axiomatic that none of these methods of legal argument has anything to do with the law or the evidence, not to mention the merits of Plaintiff's case.

Johannessen v. BAC Home Loans, et al.                    P a g e | 2                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 2 of 40 PageID #: 2

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action is a civil action arising under the Constitution, laws, or treaties of the United States.  This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action is between parties that are citizens of different states and the amount in controversy is greater than $75,000.

2.      This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because certain of the claims herein are so related to claims in the action within such original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this is a district in which a substantial part of the events or omissions giving rise to the claims occurred, one or more of the Defendants regularly conducts business in this district, and Plaintiff resides in this district.

## THE PARTIES

4.      Plaintiff Scott Johannessen ("Plaintiff") is a citizen and resident of the State of Tennessee.

5.      Defendant BAC Home Loans Servicing, LP ("BAC Home Loans") is a limited partnership, a subsidiary of and/or a predecessor in interest to Defendant Bank of America, N.A. ("BANA").  BANA is a national bank that designates its main office in North Carolina and both BAC Home Loans and BANA are doing business in the State of Tennessee.  BAC Home Loans and BANA are affiliates and/or subsidiaries owned and/or controlled by Bank of America Corporation ("BAC"); BAC is a registered bank holding company; BAC is a multinational banking and financial services corporation headquartered in North Carolina; BAC is doing business in the State of Tennessee; and BAC directly or indirectly engages in the business of servicing residential mortgage loans.  The BAC Parties maintain their principal places of business at and can be served with process through Bank of America Center, 100 North Tryon Street, North Carolina 28255.

Johannessen v. BAC Home Loans, et al.                    P a g e | 3                                        Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 3 of 40 PageID #: 3

6.     Defendant Quality Loan Service Corporation ("Quality Loan") is a California corporation.  Quality Loan is the agent, subagent, trustee, servicer, nominee, assignee, successor-in-interest and/or representative appointed, engaged, utilized and/or retained by BAC Home Loans, BANA and BAC (collectively, the "BAC Parties") to, among other things, facilitate, enable and/or assist with residential mortgage foreclosure services that relate to and/or are performed in conjunction with the collection of consumer debts, including home mortgage loans.  Quality Loan maintains its principal place of business at and can be served with process through 2141 Fifth Avenue, San Diego, California 92101.

7.     Under the doctrine of *respondeat superior*, a principal is liable for acts committed by its agent and subagents within the scope of the agency.  Quality Loan is the agent and/or subagent of the BAC Parties, and each of them, and at all relevant times herein has acted within the scope of such relationships.  The BAC Parties, and each of them, are the principals of Quality Loan and the principals, agents and/or subagents of each other and at all relevant times herein have acted within the scope of such relationships.

## FACTUAL BACKGROUND AND DEFENDANTS'' BUSINESS PRACTICES

8.     In December 2006 Plaintiff and his spouse obtained, as co-borrowers, a mortgage loan (the "Mortgage Loan") from lender Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"), a California corporation.  The Mortgage Loan was secured by certain residential real property located in Sacramento, California (the "Property").

9.     In March 2008 Plaintiff formed Meridian Venture Partners, LLC ("Meridian").  Meridian is a Tennessee limited liability company.  Meridian was established as a Family-Owned Non-Corporate Entity, i.e., a "FONCE," pursuant to Tenn. Code Ann. 67-4-2008(a)(11).[2]

---

[2]     A FONCE is any family-owned non-corporate entity where substantially all the activity of the entity is either (a) the production of passive investment income; or (b) the combination of the production of passive investment income and farming.  "Family-owned" means that at least 95% of the ownership units of the entity are owned by members of the family, which means, with respect to an individual, only an ancestor of such individual; the spouse or former spouse of such individual; a lineal descendent of such individual, of such individual's spouse or former spouse, or of a parent of such individual; the spouse or former spouse of any lineal descendent; or the estate or trust of a deceased individual who, while living, qualified as a lineal descendent.  "Passive investment income" means gross receipts derived from royalties, rents, dividends, interest, annuities, and any gains from sales or exchanges of stock or securities.

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 4 of 40 PageID #: 4

10.     In November 2008 the Property was transferred to Meridian free of reassessment pursuant to California's Proposition 13.[3]  See **Exhibit 1**.  The Assessor of Sacramento County, California approved the transfer of the Property.  See **Exhibit 2**.  Sierra Pacific, Countrywide Home Loans and the BAC Parties have known about the Property transfer to Meridian since November 2008.  Prior to November 2008 Countrywide Home Loans and the BAC Parties approved and consented to the transfer of the Property to Meridian, the tenants' occupancy of the Property, and Meridian's ownership of the Property.  See **Exhibit 3**.  Having provided their approval and consent and subsequently engaging in acts consistent therewith, Defendants have waived their right to withdraw their approval and consent and are estopped from complaining about and/or objecting to the aforementioned Property transfer and Property tenancy.

11.     In connection with a Federal Trade Commission ("FTC") lawsuit, BAC Home Loans was assessed a civil penalty in the amount of $108,000,000 for improper residential mortgage loan servicing and business practices (the "Consent Decree").  See **Exhibit 4**.  The FTC findings were rendered pursuant to the FTC's independent obligations to enforce federal law and constitute public records of a public agency setting forth factual findings resulting from a lawful investigation.

12.     The Department of the Treasury (the "Treasury Department") issued an Order addressing the BAC Parties' improper residential mortgage loan servicing and business practices (the "Treasury Department Order").  See **Exhibit 5**.  In connection with its review of the BAC Parties' foreclosure procedures in their residential mortgage servicing portfolio, the Treasury Department made the following findings:

      a.      The Bank filed or caused to be filed in state and federal courts affidavits executed by its employees or employees of third-party

---

[3]     Proposition 13 (officially named the People's Initiative to Limit Property Taxation) was an amendment of the Constitution of California enacted during 1978, by means of the initiative process. California voters approved it on June 6, 1978. It was declared constitutional by the United States Supreme Court in the case of *Nordlinger v. Hahn*, 505 U.S. 1 (1992). Proposition 13 is embodied in Article 13A of the Constitution of the State of California. The proposition decreased property taxes by assessing property values at their 1975 value and restricted annual increases of assessed value of real property to an inflation factor, not to exceed 2% per year. It also prohibited reassessment of a new base year value except for (a) change in ownership or (b) completion of new construction. The transfer to Meridian in this case is exempt from reassessment under Proposition 13.

Johannessen v. BAC Home Loans, et al.                              P a g e | 5                              Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 5 of 40 PageID #: 5

service providers making various assertions, such as ownership of the mortgage note and mortgage, the amount of the principal and interest due, and the fees and expenses chargeable to the borrower, in which the affiant represented that the assertions in the affidavit were made based on personal knowledge or based on a review by the affiant of the relevant books and records, when, in many cases, they were not based on such personal knowledge or review of the relevant books and records;

b.    The Bank filed or caused to be filed in state and federal courts, or in local land records offices, numerous affidavits or other mortgage-related documents that were not properly notarized, including those not signed or affirmed in the presence of a notary;

c.    The Bank litigated foreclosure proceedings and initiated non-judicial foreclosure proceedings without always ensuring that either the promissory note or the mortgage document were properly endorsed or assigned and, if necessary, in the possession of the appropriate party at the appropriate time;

d.    The Bank failed to devote sufficient financial, staffing and managerial resources to ensure proper administration of its foreclosure processes;

e.    The Bank failed to devote to its foreclosure processes adequate oversight, internal controls, policies, and procedures, compliance risk management, internal audit, third party management, and training; and

f.    The Bank failed to sufficiently oversee outside counsel and other third-party providers handling foreclosure-related services.

13.    The Treasury Department found and determined that one or more of the BAC Parties engaged in unsafe and unsound business and banking practices. The Treasury Department findings were rendered pursuant to the Treasury Department's independent obligations to enforce federal law and constitute public records of a public agency setting forth factual findings resulting from a lawful investigation. The BAC Parties' financial industry abuses, as identified by the Treasury Department, are pervasive and longstanding and evidence a lack of trustworthiness on the BAC Parties' part in their business and banking practices.

14.    Plaintiff asked the BAC Parties to provide copies of, among other things, documents authenticating and establishing the ownership of, the provenance for and any transfers and/or assignments of the Mortgage Loan and related documents, including the trust deed for the Property (the "Deed"), that

Johannessen v. BAC Home Loans, et al.          Page | 6          Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 6 of 40 PageID #: 6

affect the Property. Plaintiff also requested copies of documentation disclosing detailed financial information relating to the monthly servicing and maintenance of and billings for the Mortgage Loan. Plaintiff requested such information in order to ascertain, among other things, the chain of title for and ownership of the Mortgage Loan and related Deed since the Mortgage Loan's December 2006 origination with Sierra Pacific and the amounts the BAC Parties charged, billed and carried on their financial books and records vis-à-vis the Mortgage Loan. Defendants promised to provide, but did not provide, the requested information.

15. Mortgage Electronic Registration Systems, Inc. ("MERS") is a Texas corporation. MERS is a private electronic database that tracks the transfer of beneficial and security interests in home mortgage loans. MERS serves as the mortgagee in the land records for loans registered on the MERS® System, and is a nominee (or agent) for the owner of the mortgage or promissory note. MERS is one part of a convoluted system of agents, subagents, trustees and servicers that includes Defendants and the BAC Parties. Upon information and belief, MERS is an agent, subagent, representative, assignee, successor-in-interest, nominee, facilitator and/or participant of and/or with the BAC Parties and Defendants in some of the matters alleged herein.

16. In September 2011 MERS purportedly transferred to the BAC Parties its claimed interests, rights and obligations in the Deed and the Mortgage Loan (the "MERS Assignment"), even though such transfers are void under applicable laws. See **Exhibit 6**. Neither the BAC Parties nor MERS nor any Defendant notified Plaintiff of the MERS Assignment or provided Plaintiff with a copy of the MERS Assignment until January 2013, or over 15 months after first being requested to provide such and related documentation.

17. Plaintiff made an inquiry of the BAC Parties as to their loan modification procedures. The BAC Parties advised Plaintiff that loan modification would be unlikely so long as the loan in question was a "performing loan." Upon further inquiry the BAC Parties advised Plaintiff that the likelihood of loan modification would increase substantially after the loan was more than 90 days past due, apparently after it became a "nonperforming loan." Although Plaintiff offered to do so, in January

Johannessen v. BAC Home Loans, et al.                    P a g e | 7                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 7 of 40 PageID #: 7

2012 the BAC Parties instructed Plaintiff not to make any further payments on the Mortgage Loan but, instead, to provide the BAC Parties information it could use in their loss mitigation and loan modification processes vis-à-vis the Mortgage Loan.

18. Defendants again were asked to provide, by telephone and later by way of written correspondence and a Qualified Written Requests ("QWR") pursuant to the Real Estate Settlement Procedures Act, specific information relating to, among other things, the authentication and establishment of the ownership of, the provenance for and any transfers and/or assignments of the Mortgage Loan and related documents, including the Deed for the Property, that affect the Property. Plaintiff requested such information in order to ascertain, among other things, the chain of title for and ownership of the Mortgage Loan and related Deed since the Mortgage Loan's December 2006 origination with Sierra Pacific. Defendants promised to provide, but did not provide, the requested information. See **Exhibit 7**.

19. Even though Plaintiff disputed the amount Defendants claim is due under the Mortgage Loan within 30 days after Defendants informed Plaintiff of the amount purportedly due Defendants still refused to timely respond to Plaintiff's requests and provide the requested information and Defendants continued with their unauthorized collection efforts.

20. In January 2012 Michele Sjolander, a Senior Vice President of one of the BAC Parties, provided sworn deposition testimony in a federal district court case in Mississippi (the "Sjolander Deposition") concerning residential home mortgage loan services provided by one or more of the BAC Parties, MERS and others and relating to and/or performed in conjunction with the collection of consumer debts, including residential mortgage loans (the "Mississippi District Court Case"). See **Exhibit 8**.

21. Upon information and belief: The mortgage loan that was in question in the Mississippi District Court Case, as with the Mortgage Loan in question in this action, includes the purported endorsements of Ms. Sjolander and Laurie Meder that appear to have been fabricated by someone other than the named endorsers, i.e., "robosigning." (the "Robosigned Allonges").[4] Among other testimony

---

[4] Robosigning occurs when an individual with no personal knowledge executes documents without actually reviewing them on what amounts to an assembly line process. Moreover, some of the persons executing the documents did not have authority to do so and, in some instances like this case, were not the person whose name

Johannessen v. BAC Home Loans, et al.                    P a g e | **8**                                                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 8 of 40 PageID #: 8

calling into question the accuracy, efficacy and trustworthiness of the BAC Parties' business practices where commercial paper and other document "processing" and endorsements are concerned, when asked whether either she or Ms. Meder had ever signed an endorsement on a promissory note, i.e., a mortgage loan, Ms. Sjolander replied, "No." At the deposition, Ms. Sjolander not only revealed that she did not place the endorsement on the note, but in fact was not allowed into the vault area where endorsing is supposedly done (at Recontrust, by Recontrust employees) without an escort. Ms. Sjolander also stated that she does not know the name of the person who supposedly did place her purported endorsement on the note. See **Exhibit 8**, Sjolander Deposition, page 78, line 8, through page 82, line 7, and page 8, line 21, through page 18, line 3. Ms. Sjolander's position and authority with one or more of the BAC Parties and Ms. Meder's lack of position and authority with one or more of the BAC Parties also are established. See **Exhibit 8**, Sjolander Deposition, page 79, lines 2-9.

22. Neither the BAC Parties nor MERS nor any Defendant notified Plaintiff of the Robosigned Allonges or provided Plaintiff with copies of the Robosigned Allonges or the Mortgage Loan or the Deed relating to the Property until October 2012, or over 12 months after first being requested to provide such and related documentation.

23. In February 2012 the BAC Parties notified Plaintiff that the Bank appointed a "single point of contact" to address any and all of Plaintiff's inquiries concerning the Mortgage Loan. In February 2012 the BAC Parties also notified Plaintiff that a loan modification of the Mortgage Loan would likely be approved, that seeking bankruptcy protection would not be necessary, and that a "negotiator" had been assigned to the account to process the loan modification.

24. In connection with the Treasury Department Order, the BAC Parties were assessed a civil penalty in the amount of $175,500,000 for unsafe and unsound residential mortgage loan servicing and business practices. See **Exhibit 9**.

25. In March 2012 Plaintiff's spouse (the "Chapter 13 Debtor") filed for Chapter 13 bankruptcy court protection in the United States Bankruptcy Court for the Middle District of Tennessee

---

appeared on the signature line. In this case, robosigning apparently took place in secretive locked vaults by persons other than the person(s) whose name(s) appeared on the signature line(s).

Johannessen v. BAC Home Loans, et al.                    P a g e | 9                                        Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 9 of 40 PageID #: 9

(the "Chapter 13 Case").  Plaintiff is a co-debtor in the Chapter 13 Case.  BAC Home Loans was listed as a creditor in the Chapter 13 Debtor's bankruptcy schedules, even though the BAC Parties never timely provided any substantiation for the Mortgage Loan or any response to Plaintiff's QWRs or other requests for information as required by federal and state statutes and laws.  No BAC Party filed a proof of claim, an objection or a motion for relief in the Chapter 13 Case.  The petition in the Chapter 13 Case was filed on March 9, 2012 (the "Stay Date").

26.    The filing of a petition for an order of relief in the Chapter 13 Case invokes the automatic stay of 11 U.S.C. § 362(a) (the "Debtor Stay") and the automatic stay of 11 U.S.C. § 1301(a) (the "Co-Debtor Stay").  The Debtor Stay and the Co-Debtor Stay operate to prevent creditors of the debtor and co-debtor from taking steps or continuing action to collect their debt, secure or improve their position regarding their debt, or obtain possession of the collateral securing their debt.

27.    In view of the FTC's allegations that BAC Home Loans assessed and/or collected $36,100,034 from consumers of residential mortgage loans in violation of the Consent Decree, a judgment was entered by a federal district court against BAC Home Loans, to be paid by and through BAC to compensate consumers for losses sustained as a result of BAC Home Loans' violations.  See **Exhibit 10**.

28.    In June 2012 the bankruptcy court issued its Order Confirming Chapter 13 Plan in the Chapter 13 Case (the "Confirmed Chapter 13 Plan").  See **Exhibit 11**.  The bankruptcy court determined that the Chapter 13 Debtor did not have any ownership interest in the Property.  The Chapter 13 Co-Debtor, i.e., Plaintiff, also has no ownership interest in the Property.  As the Chapter 13 Debtor or the Chapter 13 Co-Debtor, i.e., Plaintiff, could surrender no collateral or other property securing any claim to any person or entity under the Confirmed Chapter 13 Plan, since no ownership interest therein to surrender was held by either of them, no such collateral was surrendered thereby.  Further, there has never been any objection, belated or otherwise, to the Confirmed Chapter 13 Plan by any person or entity and, pursuant to 11 U.S.C § 1327 "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has

Johannessen v. BAC Home Loans, et al.                    P a g e  | 10                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 10 of 40 PageID #: 10

objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327 gives *res judicata* effect to the Confirmed Chapter 13 Plan.

29.     In July 2012 Defendants again were asked to provide, orally and in writing, specific information relating to, among other things, the authentication and establishment of the ownership of, the provenance for and any transfers and/or assignments of the Mortgage Loan and related documents, including the Deed for the Property, that affect the Property. These requests included the QWR. Plaintiff requested such information in order to ascertain, among other things, the chain of title for and ownership of the Mortgage Loan and related Deed, and the amounts purportedly due under the Mortgage Loan since the Mortgage Loan's December 2006 origination with Sierra Pacific. Defendants promised to provide, but did not provide, the requested information. See **Exhibit 12**.

30.     In July 2012 Defendants sought to foreclose on the Property by use of a trustee's sale in violation of, among other things, the Real Estate Settlement Procedures Act, federal and state Fair Debt Collection Practices Acts, the Chapter 13 debtor stay, i.e., 11 U.S.C. § 362(a), and the Chapter 13 co-debtor stay, i.e., 11 U.S.C. § 1301(a). See **Exhibit 13**. When confronted with this information and provided proof of funds to satisfy any deficiency under the Mortgage Loan Defendants agreed to postpone the foreclosure sale to the following month. See **Exhibit 14**. Following the postponement of the first foreclosure sale date Defendants failed and refused to return Plaintiff's telephone calls or respond to his written communications regarding the Mortgage Loan. See **Exhibit 15**, **Exhibit 16** and **Exhibit 17**. Defendants' actions were the cause of the loss of the same tenants who had occupied the Property continuously since prior to 2008.

31.     In August 2012 Defendants again sought to foreclose on the Property by use of a trustee's sale in violation of, among other things, the Real Estate Settlement Procedures Act, federal and state Fair Debt Collection Practices Acts, the Chapter 13 debtor stay, i.e., 11 U.S.C. § 362(a), and the Chapter 13 co-debtor stay, i.e., 11 U.S.C. § 1301(a). Meridian's Chapter 11 bankruptcy petition was filed before the scheduled sale date and the trustee's sale was, upon information and belief, either adjourned, cancelled or postponed. See **Exhibit 18**. The Chapter 11 petition was filed in order to protect Meridian from, in part,

Johannessen v. BAC Home Loans, et al.                    P a g e | 11                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 11 of 40 PageID #: 11

Defendants' unlawful debt collection practices and repeated violations of federal and state statutes and laws.

32. In March 2013 Defendants again were requested to provide information concerning and relating to the Mortgage Loan and the foreclosure process and again refused to respond, even after Defendants acknowledged that information regarding such things as monthly foreclosure sale adjournment, cancellation and/or postponement notices (the "Serial Postponement Notices") had never been received by Plaintiff and were still being sent to an incorrect address following Plaintiff's November 2008 notification, as identified hereinabove. See **Exhibit 19** and **Exhibit 20**. Defendants promised to provide, but did not provide, the requested information.

33. Having waived and being foreclosed of their rights to submit a claim on the Mortgage Loan in the Chapter 13 Case and file an objection to the Confirmed Chapter 13 Plan, in December 2012 the BAC Parties attempted an end-run around the Debtor Stay and Co-Debtor Stay in the Chapter 13 Case by filing an improper claim on the Mortgage Loan in another separate bankruptcy case and continuing their collection efforts on the Mortgage Loan, specifically identifying the Mortgage Loan and the purported dollar amount due ("Claim #1"). The debtor in the separate bankruptcy case is not and never has been a co-borrower on or guarantor of the Mortgage Loan and has no liability thereon. In addition, the BAC Parties improperly supported Claim #1 and their continued collection activities against Plaintiff relating to the Mortgage Loan by use of the ineffective Robosigned Allonges and the void MERS Assignment. By virtue of the ineffective Robosigned Allonges and the void MERS Assignment Defendants are not owners or proper holders of the Mortgage Loan or the Deed.

34. Having waived and being foreclosed of their rights to submit a claim on the Mortgage Loan in the Chapter 13 Case and file an objection to the Confirmed Chapter 13 Plan, in December 2012 the BAC Parties attempted a second end-run around the Debtor Stay and Co-Debtor Stay in the Chapter 13 Case by filing another improper claim on the Mortgage Loan in another separate bankruptcy case and continuing their collection efforts on the Mortgage Loan, specifically identifying the Mortgage Loan and the purported dollar amount due ("Claim #2"). The debtor in the separate bankruptcy case is not and

Johannessen v. BAC Home Loans, et al.                    P a g e | 12                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 12 of 40 PageID #: 12

never has been a co-borrower on or guarantor of the Mortgage Loan and has no liability thereon. In addition, the BAC Parties improperly supported Claim #2 and their continued collection activities against Plaintiff relating to the Mortgage Loan by use of the ineffective Robosigned Allonges and the void MERS Assignment. By virtue of the ineffective Robosigned Allonges and the void MERS Assignment Defendants are not owners or proper holders of the Mortgage Loan or the Deed.

35. Despite countless communications by and amongst Plaintiff, Defendants and the BAC Parties' representatives and agents through late 2012 neither Sierra Pacific nor Countrywide Home Loans nor any Defendant nor any BAC Party has objected to the transfer of the Property to Meridian or the Property's tenant occupancy. Having provided their approval and consent and subsequently engaging in acts consistent therewith, Defendants have waived their right to withdraw their approval and consent and are estopped from complaining about and/or objecting to the aforementioned Property transfer and Property tenancy.

36. The Property has become un-tenantable for many months, as no one will lease the Property with the foreclosure cloud placed over it by Defendants and Defendants' related activities as set forth hereinabove. Defendants are aware that the Property became un-tenantable as a direct and/or proximate cause of Defendants' wrongful conduct as alleged herein. The lack of lease payments from a tenant has adversely and negatively harmed Plaintiff in his ability to make payments on the Mortgage Loan to the rightful owner of the Mortgage Loan.

37. No Defendant or BAC Party is the owner of the Mortgage Loan but has made contrary representations to Plaintiff. Plaintiff is informed and believes that the owner of the Mortgage Loan is, in fact, the Federal Home Loan Mortgage Corporation, also known as Freddie Mac.

38. Although representing to Plaintiff that they would timely do so, Defendants continually fail and refuse to respond to Plaintiff's requests for information and comply with their own policies, procedures, processes and mandates, to take all necessary and appropriate steps to remedy deficiencies and unsafe or unsound practices vis-à-vis Plaintiff and other interested parties related to Defendants' residential mortgage loan servicing and foreclosure processes, and to stand by their own representations

Johannessen v. BAC Home Loans, et al.                    P a g e | 13                                        Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 13 of 40 PageID #: 13

and promises, all despite the requirements of and obligations imposed by the Consent Decree, related United States and various states' government orders and judgments, and applicable state and federal statutes and laws.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATION OF STATUTE:**
**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 *et seq.***

39.     Paragraphs 1-38, above, are hereby restated and incorporated herein.

40.     Noting "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices," 15 U.S.C. § 1692(a), Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in order to eliminate abusive practices in the debt collection industry and ensure that "those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e).

41.     The FDCPA is a consumer-protection statute that was enacted in 1977, as Title VIII of the Consumer Credit Protection Act, 15 U.S.C. 1601 et seq.  The FDCPA regulates various practices pertaining to the collection of consumer debts by "debt collector[s]."  The term "debt collector" is defined to include "any person … who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. 1692a(6); see *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995) (holding that a lawyer who, "through litigation, tries to collect consumer debts" is a "debt collector" within the meaning of the FDCPA).

42.     Among other things, the FDCPA regulates and restricts the acquisition of information pertaining to consumer debtors, *id.* §§ 1692b, 1692c, prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," *id.* § 1692d, bars the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," *id.* § 1692e, and proscribes "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f.

Johannessen v. BAC Home Loans, et al.                    P a g e | 14                                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 14 of 40 PageID #: 14

43.     The FDCPA also prohibits taking "any action that cannot legally be taken or that is not intended to be taken," engaging in any conduct that would "[h]arass, oppress, or abuse any person in connection with the collection of a debt," and using "unfair or unconscionable means" in its debt collection activity.   Federal Trade Commission, *Staff Commentary on the FDCPA*, §§ 806, 807(5), 808.

44.     In order to establish a claim under the FDCPA: (1) plaintiff must be a "consumer" as defined by the FDCPA; (2) the "debt" must arises out of transactions which are "primarily for personal, family or household purposes;" (3) defendant must be a "debt collector" as defined by the FDCPA; and (4) defendant must have violated the FDCPA's prohibitions.

45.     The FDCPA is liberally construed in favor of the consumer to effectuate its purposes.

46.     Under the FDCPA, a "consumer" is "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).

47.     Plaintiff is a consumer under the FDCPA.

48.     Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes."   15 U.S.C. § 1692a(5).

49.     The Mortgage Loan is a debt under the FDCPA.

50.     Under the FDCPA, if a purpose of an activity taken in relation to a debt is to obtain payment of the debt, the activity is properly considered debt collection.

51.     The ultimate purpose of foreclosure is the payment of money.

52.     Defendants, directly or indirectly through their agents and/or subagents, collect debts after they have become delinquent.

53.     Defendants, directly or indirectly through their agents and/or subagents, use instrumentalities of interstate commerce or the mails in their business, which includes the collection of debts.

Johannessen v. BAC Home Loans, et al.                    P a g e | 15                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 15 of 40 PageID #: 15

54. Defendants, directly or indirectly through their agents and/or subagents, regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

55. Defendants' activities as hereinabove described are considered debt collection under the FDCPA and are within the scope of one or more agency relationships amongst Defendants and the BAC Parties.

56. Mortgage foreclosure is debt collection under the FDCPA.

57. Defendants are debt collectors under the FDCPA.

58. Under the FDCPA, a "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

59. All written and oral communications of Defendants and the BAC Parties as described hereinabove are communications under the FDCPA.

60. Cal. Civ. Code § 2924(a)(6) provides that "no entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest."

61. Defendants claim that their activities under Cal. Civ. Code § 2924, concerning the timely recordation of a Notice of Default in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code §§ 2924, 2920.5, 2924g(e), and the FDCPA.

62. Defendants claim that their activities under Cal. Civ. Code §§ 2924(b)(1) and 2924(e), concerning the proper and timely mailing of the Notice of Default to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of

Johannessen v. BAC Home Loans, et al.                     P a g e | 16                                        Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 16 of 40 PageID #: 16

Cal. Civ. Code §§ 2924(b)(1), 2924(e), 2920.5, 2924g(e), and the FDCPA.

63.     Defendants claim that their activities under Cal. Civ. Code §§ 2924b(c)(1), (2) and 2924b(e), concerning the proper and timely mailing of the Notice of Default to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code §§ 2924b(c)(1), (2), 2924b(e), 2920.5, 2924g(e), and the FDCPA.

64.     Defendants claim that their activities under Cal. Civ. Code §§ 2924 and 2924f(b), concerning the proper and timely setting of the foreclosure sales date, time and location in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are violations of Cal. Civ. Code §§ 2924, 2924f(b), 2920.5, 2924g(e), and the FDCPA.

65.     Defendants claim that their activities under Cal. Civ. Code §§ 2924f(b), 2924b(c)(3) and 2924b(e), concerning the proper and timely posting, mailing and publication (must run three consecutive weeks) of the Notice of Trustee's Sale in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code §§ 2924f(b), 2924b(c)(3), 2920.5, 2924g(e), and the FDCPA.

66.     Defendants claim that their activities under Cal. Civ. Code § 2924f(b), concerning the proper and timely recording of the Notice of Trustee's Sale with the county recorder's office in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code § 2924f(b), 2920.5, 2924g(e), and the FDCPA.

67.     Defendants claim that their activities under Cal. Civ. Code § 2924g(c)(2), concerning the Serial Postponement Notices and the requirement that any postponement shall be announced at the time and location specified in the notice of sale for commencement of the sale in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code § 2924g(c)(2), 2920.5,

Johannessen v. BAC Home Loans, et al.                    P a g e | 17                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 17 of 40 PageID #: 17

2924g(e), and the FDCPA.

68. Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that declarations and all other recorded non-judicial foreclosure documents must be "accurate and complete and supported by competent and reliable evidence." Defendants' actions as set forth in paragraphs 23, 24, 25, 35 and 36 hereinabove, concerning the Robosigned Allonges, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

69. Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that declarations and all other recorded non-judicial foreclosure documents must be "accurate and complete and supported by competent and reliable evidence." Defendants' actions as set forth in paragraphs 20, 25, 35 and 36 hereinabove, concerning the MERS Assignment, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

70. Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that the servicer of the mortgage loan must ensure it has reviewed "competent and reliable evidence to substantiate the borrower's default and the right to foreclose before recording any foreclosure documents." Defendants' actions as set forth in paragraphs 23, 24, 25, 35 and 36 hereinabove, concerning the MERS Assignment, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

71. Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that the servicer of the mortgage loan must ensure it has reviewed "competent and reliable evidence to substantiate the borrower's default and the right to foreclose before recording any foreclosure documents." Defendants' actions as set forth in paragraphs 20, 25, 35 and 36 hereinabove, concerning the MERS Assignment, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

Johannessen v. BAC Home Loans, et al.                    P a g e | 18                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 18 of 40 PageID #: 18

72.     Cal. Civ. Code § 2924(a)(5) provides that if a foreclosure sale is postponed by at least 10 business days, the mortgagee, beneficiary, or authorized agent must send written notice within five business days following the postponement advising the borrower of the postponement and the new sale date and time.  Defendants' actions as set forth in paragraphs 33 and 34 hereinabove, concerning the Serial Postponement Notices, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924(a)(5), 2920.5, 2924g(e), and the FDCPA.

73.     Cal. Civ. Code § 2943(b)(1) provides "A beneficiary, or his or her authorized agent, shall, within 21 days of the receipt of a written demand by an entitled person or his or her authorized agent, prepare and deliver to the person demanding it a true, correct, and complete copy of the note or other evidence of indebtedness with any modification thereto, and a beneficiary statement."  Defendants' actions as set forth in paragraphs 20, 23, 29, 30 and 32 hereinabove and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924(a)(5), 2920.5, 2943(b)(1), and the FDCPA.

74.     Defendants' actions as set forth in paragraph 12 hereinabove are unlawful and are material violations of the FDCPA.

75.     Defendants' actions as set forth in paragraph 14 hereinabove are unlawful and are material violations of the FDCPA.

76.     Defendants' actions as set forth in paragraph 16 hereinabove are unlawful and are material violations of the FDCPA.

77.     Defendants' actions as set forth in paragraph 17 hereinabove are unlawful and are material violations of the FDCPA.

78.     Defendants' actions as set forth in paragraph 18 hereinabove are unlawful and are material violations of the FDCPA.

79.     Defendants' actions as set forth in paragraph 19 hereinabove are unlawful and are material violations of the FDCPA.

80.     Defendants' actions as set forth in paragraph 21 hereinabove are unlawful and are material violations of the FDCPA.

Johannessen v. BAC Home Loans, et al.                    P a g e | 19                                        Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 19 of 40 PageID #: 19

81.     Defendants' actions as set forth in paragraph 22 hereinabove are unlawful and are material violations of the FDCPA.

82.     Defendants' actions as set forth in paragraph 29 hereinabove are unlawful and are material violations of the FDCPA.

83.     Defendants' actions as set forth in paragraph 30 hereinabove are unlawful and are material violations of the FDCPA.

84.     Defendants' actions as set forth in paragraph 31 hereinabove are unlawful and are material violations of the FDCPA.

85.     Defendants' actions as set forth in paragraph 32 hereinabove are unlawful and are material violations of the FDCPA.

86.     Defendants' actions as set forth in paragraph 33 hereinabove are unlawful and are material violations of the FDCPA.

87.     Defendants' actions as set forth in paragraph 34 hereinabove are unlawful and are material violations of the FDCPA.

88.     Defendants' actions as set forth in paragraph 36 hereinabove are unlawful and are material violations of the FDCPA.

89.     Defendants' actions as set forth in paragraph 37 hereinabove are unlawful and are material violations of the FDCPA.

90.     Defendants' actions as set forth in paragraph 38 hereinabove are unlawful and are material violations of the FDCPA.

91.     Cal. Civ. Code § 2924(a)(6) provides that "no entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when

Johannessen v. BAC Home Loans, et al.                    P a g e | 20                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 20 of 40 PageID #: 20

acting within the scope of authority designated by the holder of the beneficial interest."

92.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code § 2924, concerning the timely recordation of a Notice of Default in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code §§ 2924, 2920.5, 2924g(e), and the FDCPA.

93.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924(b)(1) and 2924(e), concerning the proper and timely mailing of the Notice of Default to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code §§ 2924(b)(1), 2924(e), 2920.5, 2924g(e), and the FDCPA.

94.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924b(c)(1), (2) and 2924b(e), concerning the proper and timely mailing of the Notice of Default to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code §§ 2924b(c)(1), (2), 2924b(e), 2920.5, 2924g(e), and the FDCPA.

95.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924 and 2924f(b), concerning the proper and timely setting of the foreclosure sales date, time and location in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are violations of Cal. Civ. Code §§ 2924, 2924f(b), 2920.5, 2924g(e), and the FDCPA.

96.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924f(b), 2924b(c)(3) and 2924b(e), concerning the proper and timely posting, mailing and publication (must run three consecutive weeks) of the Notice of Trustee's Sale in conjunction with debt

Johannessen v. BAC Home Loans, et al.                    P a g e | 21                    Complaint

Case 3:13-cv-00296    Document 1    Filed 04/03/13    Page 21 of 40 PageID #: 21

collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code §§ 2924f(b), 2924b(c)(3), 2920.5, 2924g(e), and the FDCPA.

97.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code § 2924f(b), concerning the proper and timely recording of the Notice of Trustee's Sale with the county recorder's office in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code § 2924f(b), 2920.5, 2924g(e), and the FDCPA.

98.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code § 2924g(c)(2), concerning the Serial Postponement Notices and the requirement that any postponement shall be announced at the time and location specified in the notice of sale for commencement of the sale in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code § 2924g(c)(2), 2920.5, 2924g(e), and the FDCPA.

99.     Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that declarations and all other recorded non-judicial foreclosure documents must be "accurate and complete and supported by competent and reliable evidence." Defendants' collection-related actions as set forth hereinabove, concerning the Robosigned Allonges, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

100.    Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that declarations and all other recorded non-judicial foreclosure documents must be "accurate and complete and supported by competent and reliable evidence." Defendants' collection-related actions as set forth hereinabove, concerning the MERS Assignment, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

101.    Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that the servicer of the mortgage loan must ensure it has reviewed "competent and

Johannessen v. BAC Home Loans, et al.                    P a g e | 22                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 22 of 40 PageID #: 22

reliable evidence to substantiate the borrower's default and the right to foreclose before recording any foreclosure documents." Defendants' collection-related actions as set forth hereinabove, concerning the MERS Assignment, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

102. Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that the servicer of the mortgage loan must ensure it has reviewed "competent and reliable evidence to substantiate the borrower's default and the right to foreclose before recording any foreclosure documents." Defendants' collection-related actions as set forth hereinabove, concerning the MERS Assignment, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

103. Cal. Civ. Code § 2924(a)(5) provides that if a foreclosure sale is postponed by at least 10 business days, the mortgagee, beneficiary, or authorized agent must send written notice within five business days following the postponement advising the borrower of the postponement and the new sale date and time. Defendants' collection-related actions as set forth hereinabove, concerning the Serial Postponement Notices, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924(a)(5), 2920.5, 2924g(e), and the FDCPA.

104. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person. 15 U.S.C. § 1692k(a).

105. Under the FDCPA, consumers are allowed to recover statutory or actual damages for violations of the FDCPA. 15 U.S.C. § 1692e.

106. When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite. Defendants', and each of their, conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

107. Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory

Johannessen v. BAC Home Loans, et al.                    P a g e | 23                    Complaint

Case 3:13-cv-00296    Document 1    Filed 04/03/13    Page 23 of 40 PageID #: 23

and consequential damages of at least $250,000 and, in addition, is entitled to statutory damages of at least $1,000 per FDCPA violation.  Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

**COUNT II**

**VIOLATION OF STATUTE:**
**CALIFORNIA FORECLOSURE STATUTES**
**CAL. CIV. CODE §§ 2920-2944.7**

108.    Paragraphs 1-107, above, are hereby restated and incorporated herein.

109.    Cal. Civ. Code § 2924(a)(6) provides that "no entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest."

110.    Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code § 2924, concerning the timely recordation of a Notice of Default in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code §§ 2924, 2920.5, and 2924g(e).

111.    Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924(b)(1) and 2924(e), concerning the proper and timely mailing of the Notice of Default to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code §§ 2924(b)(1), 2924(e), 2920.5, and 2924g(e).

112.    Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924b(c)(1), (2) and 2924b(e), concerning the proper and timely mailing of the Notice of Default

Johannessen v. BAC Home Loans, et al.                    P a g e  | 24                                        Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 24 of 40 PageID #: 24

to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code §§ 2924b(c)(1), (2), 2924b(e), 2920.5, and 2924g(e).

113. Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924 and 2924f(b), concerning the proper and timely setting of the foreclosure sales date, time and location in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are violations of Cal. Civ. Code §§ 2924, 2924f(b), 2920.5, and 2924g(e).

114. Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924f(b), 2924b(c)(3) and 2924b(e), concerning the proper and timely posting, mailing and publication (must run three consecutive weeks) of the Notice of Trustee's Sale in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code §§ 2924f(b), 2924b(c)(3), 2920.5, and 2924g(e).

115. Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code § 2924f(b), concerning the proper and timely recording of the Notice of Trustee's Sale with the county recorder's office in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code § 2924f(b), 2920.5, and 2924g(e).

116. Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code § 2924g(c)(2), concerning the Serial Postponement Notices and the requirement that any postponement shall be announced at the time and location specified in the notice of sale for commencement of the sale in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of Cal. Civ. Code § 2924g(c)(2), 2920.5, and 2924g(e).

Johannessen v. BAC Home Loans, et al.                    P a g e | 25                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 25 of 40 PageID #: 25

117.     Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that declarations and all other recorded non-judicial foreclosure documents must be "accurate and complete and supported by competent and reliable evidence." Defendants' collection-related actions as set forth hereinabove, concerning the Robosigned Allonges, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, and 2924g(e).

118.     Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that declarations and all other recorded non-judicial foreclosure documents must be "accurate and complete and supported by competent and reliable evidence." Defendants' collection-related actions as set forth hereinabove, concerning the MERS Assignment, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, and 2924g(e).

119.     Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that the servicer of the mortgage loan must ensure it has reviewed "competent and reliable evidence to substantiate the borrower's default and the right to foreclose before recording any foreclosure documents." Defendants' collection-related actions as set forth hereinabove, concerning the MERS Assignment, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, and 2924g(e).

120.     Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that the servicer of the mortgage loan must ensure it has reviewed "competent and reliable evidence to substantiate the borrower's default and the right to foreclose before recording any foreclosure documents." Defendants' collection-related actions as set forth hereinabove, concerning the MERS Assignment, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924.17, 2920.5, and 2924g(e).

121.     Cal. Civ. Code § 2924(a)(5) provides that if a foreclosure sale is postponed by at least 10 business days, the mortgagee, beneficiary, or authorized agent must send written notice within five business days following the postponement advising the borrower of the postponement and the new sale date and time. Defendants' collection-related actions as set forth hereinabove, concerning the Serial

Johannessen v. BAC Home Loans, et al.                    P a g e | 26                                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 26 of 40 PageID #: 26

Postponement Notices, and their collection efforts related thereto are material violations of Cal. Civ. Code §§ 2924(a)(5), 2920.5, and 2924g(e).

122.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants', and each of their, conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

123.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000 and, in addition, is entitled to statutory damages. Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

**COUNT III**

**VIOLATION OF STATUTE:**
**BANKRUPTCY CODE AUTOMATIC STAYS**
**11 U.S.C. §§ 362(a), 1301(a)**

124.     Paragraphs 1-123, above, are hereby restated and incorporated herein.

125.     11 U.S.C. §§ 362(a) and 1301(a) are two of the fundamental debtor protections provided by the bankruptcy laws.  S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977).  11 U.S.C. §§ 362(a) and 1301(a) create broad automatic stays protecting both the debtor and the co-debtor.  The Debtor Stay and Co-Debtor Stay extend to virtually all formal and informal actions against the debtor and co-debtor.  They are intended to "stop all collection efforts, all harassment, and all foreclosure actions."  S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5840.  Any collections actions taken by a creditor in violation of the Debtor Stay or Co-Debtor Stay are legally void and unenforceable.

126.     The automatic stays are "effective upon the date of the filing of the petition ... and formal service of process will not be required."  2 Collier on Bankruptcy p 362.03 (15th ed. 1988).  Actions

Johannessen v. BAC Home Loans, et al.                    P a g e | 27                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 27 of 40 PageID #: 27

taken in violation of the automatic stay are invalid and void.

127.     Defendants' actions as set forth in paragraph 12 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

128.     Defendants' actions as set forth in paragraph 14 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

129.     Defendants' actions as set forth in paragraph 16 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

130.     Defendants' actions as set forth in paragraph 17 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

131.     Defendants' actions as set forth in paragraph 18 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

132.     Defendants' actions as set forth in paragraph 19 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

133.     Defendants' actions as set forth in paragraph 21 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

134.     Defendants' actions as set forth in paragraph 22 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

135.     Defendants' actions as set forth in paragraph 29 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

136.     Defendants' actions as set forth in paragraph 30 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

137.     Defendants' actions as set forth in paragraph 31 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

138.     Defendants' actions as set forth in paragraph 32 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

Johannessen v. BAC Home Loans, et al.                    P a g e | 28                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 28 of 40 PageID #: 28

139.     Defendants' actions as set forth in paragraph 33 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

140.     Defendants' actions as set forth in paragraph 34 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

141.     Defendants' actions as set forth in paragraph 36 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

142.     Defendants' actions as set forth in paragraph 37 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

143.     Defendants' actions as set forth in paragraph 38 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

144.     Defendants' actions as set forth in paragraph 110 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

145.     Defendants' actions as set forth in paragraph 111 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

146.     Defendants' actions as set forth in paragraph 112 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

147.     Defendants' actions as set forth in paragraph 113 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

148.     Defendants' actions as set forth in paragraph 114 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

149.     Defendants' actions as set forth in paragraph 115 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

150.     Defendants' actions as set forth in paragraph 116 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

151.     Defendants' actions as set forth in paragraph 117 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

Johannessen v. BAC Home Loans, et al.                    P a g e | 29                                        Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 29 of 40 PageID #: 29

152. Defendants' actions as set forth in paragraph 118 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

153. Defendants' actions as set forth in paragraph 119 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

154. Defendants' actions as set forth in paragraph 120 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

155. Defendants' actions as set forth in paragraph 121 hereinabove are unlawful and are material violations of the Debtor Stay and the Co-Debtor Stay.

156. Pursuant to 11 U.S.C. § 362(k)(1) "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

157. The Court can sanction a debt collector for violating its automatic stay orders if the debt collection activities are "willful." The activities are willful if (1) the automatic stay order was in force and was actually violated; (2) the debt collector knew of the bankruptcy case and either ignored the Court's order or failed to immediately correct its action after learning of the bankruptcy case; and (3) the debt collector intentionally acted.

158. Defendants' actions as alleged herein are willful violations of the Debtor Stay and the Co-Debtor Stay.

159. When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite. Defendants', and each of their, conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

160. Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000. Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly

Johannessen v. BAC Home Loans, et al.                    P a g e | 30                                                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 30 of 40 PageID #: 30

situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

## COUNT IV

**VIOLATION OF STATUTE:**
**REAL ESTATE SETTLEMENT PROCEDURES ACT**
**12 U.S.C. § 2601 *et seq.***

161.    Paragraphs 1-160, above, are hereby restated and incorporated herein.

162.    The Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.*, requires lenders, mortgage brokers, and servicers of home loans to provide pertinent and timely disclosures regarding the nature and costs of the real estate settlement process.  The Department of Housing and Urban Development ("HUD") promulgated Regulation X, 24 C.F.R. 3500, which implements RESPA.  The National Affordable Housing Act of 1990 amended RESPA to require detailed disclosures concerning the transfer, sale, or assignment of mortgage servicing.

163.    Defendants and their principals, agents, subagents and representatives are subject to the requirements of RESPA and Regulation X.

164.    12 U.S.C. § 2605(e) provides that (i) if any servicer of a federally related mortgage loan receives a QWR from an authorized agent for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days unless the action requested is taken within such period and (ii) not later than 60 days after the receipt of any qualified written request and, if applicable, before taking any action with respect to the inquiry, the servicer shall provide the authorized agent a statement of the reasons for which the servicer believes the account is correct as determined by the servicer and the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance.

165.    The BAC Parties are and have been engaged in the servicing of the Mortgage Loan, as defined by RESPA.  12 U.S.C. § 2605(i)(3).

166.    The BAC Parties have violated 12 U.S.C. § 2605(b), (c) by not providing Plaintiff with timely notice in writing of the assignment, sale, or transfer of the servicing of the Mortgage Loan, including the Robosigned Allonges, or the Deed for the Property, including the MERS Assignment.

Johannessen v. BAC Home Loans, et al.                    P a g e | 31                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 31 of 40 PageID #: 31

167.     As more particularly described in paragraphs 22, 28, 33 and 34 hereinabove, Plaintiff on several occasions mailed, faxed and emailed to Defendants the letter requesting information relating to the servicing of the Mortgage Loan, i.e., the QWR.

168.     Defendants have repeatedly violated 12 U.S.C. § 2605(e) by not acknowledging receipt of Plaintiff's QWR

169.     Defendants have repeatedly violated 12 U.S.C. § 2605(e) by not responding to Plaintiff's QWR.

170.     Defendants timely received from Plaintiff proof of hazard insurance coverage for the Property securing the Mortgage Loan.

171.     12 U.S.C. § 2605(k) provides that a mortgage loan servicer shall not obtain force-placed hazard insurance unless there is a reasonable basis to believe the borrower has failed to comply with the loan contract's requirements to maintain property insurance.  Defendants obtained force-placed hazard insurance for the Property in violation of 12 U.S.C. § 2605(k).

172.     12 U.S.C. § 2605(k) provides that a mortgage loan servicer shall not fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan.  Defendants violated 12 U.S.C. § 2605(k) by not timely providing this information.

173.     12 U.S.C. § 2605(f) provides that whoever fails to comply with any provision of this section shall be liable to individual borrowers for each such failure in an amount equal to the sum of any actual damages to the borrower as a result of the failure and any additional damages, as the Court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

174.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants', and each of their, conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

Johannessen v. BAC Home Loans, et al.                    P a g e | 32                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 32 of 40 PageID #: 32

175.    Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000 and, in addition, is entitled to statutory damages of at least $2,000 per RESPA violation.   Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

## COUNT V

**VIOLATION OF STATUTE:**
**TRUTH IN LENDING ACT**
**15 U.S.C. § 1601, *et seq*.**

176.    Paragraphs 1-175, above, are hereby restated and incorporated herein.

177.    The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*., gives a debtor rights and a creditor obligations when both parties enter into a credit agreement, such as that of a mortgage loan, and is meant to protect consumers from fraud, predatory lending and misrepresentation of terms by creditors. TILA requires Defendants to clearly disclose important terms to Plaintiff.

178.    15 U.S.C. § 1641(g) requires certain disclosures to be provided by Defendants to Plaintiff when there is a change in the ownership of the Mortgage Loan.   The TILA requirements require that Plaintiff be provided notice of a new creditor, and that within 30 days of buying or being assigned the Mortgage Loan, the new creditor must notify Plaintiff in writing the following information: (1) The identity, address and telephone number of the new creditor; (2) the date of transfer; (3) how to reach an agent or party having authority to act on behalf of the new creditor; (4) the location of the place where transfer of ownership of the debt is recorded; and (5) any other relevant information regarding the new creditor.

179.    Defendants and the BAC Parties claim to be "covered persons" as defined by 12 C.F.R. Section 226, also known as "Regulation Z."   Regulation Z explains that a covered person "means any person, as defined in § 226.2(a)(22), that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who

acquires more than one mortgage loan in any twelve-month period."

180.    Pursuant to TILA, 15 U.S.C. § 1641(f)(2), Defendants must provide Plaintiff, if requested, the identity of the owner(s) of the Mortgage Loan or creditor(s).

181.    Defendants violated 15 U.S.C. §§ 1641(g) and 1641(f)(2) by not providing Plaintiff in writing the following information: (1) The identity, address and telephone number of the new creditor; (2) the date of transfer of the Mortgage Loan; (3) how to reach an agent or party having authority to act on behalf of the new creditor; (4) the location of the place where transfer of ownership of the Mortgage Loan is recorded; (5) any other relevant information regarding the new creditor; and (6) the identity of the owner(s) of the Mortgage Loan.

182.    When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants', and each of their, conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

183.    Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000.  Plaintiff also is entitled to statutory damages and an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

### COUNT VI

**VIOLATION OF STATUTE:**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CAL. CIV. CODE § 1788, *et seq.***

184.    Paragraphs 1-183, above, are hereby restated and incorporated herein.

185.    The California Fair Debt Collection Practices Act ("CFDCPA"), Cal. Civ. Code § 1788 *et seq*., requires that Defendants comply with the provisions of the FDCPA.  Cal. Civ. Code § 1788.17.

Johannessen v. BAC Home Loans, et al.                    P a g e  | 34                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 34 of 40 PageID #: 34

186.     Defendants violated Cal. Civ. Code § 1788.17 by engaging in conduct, the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the Mortgage Loan, a violation of 15 U.S.C. § 1692(d).

187.     Defendants violated Cal. Civ. Code § 1788.17 by misrepresenting the status of the Mortgage Loan, a violation of 15 U.S.C. § 1692(e)(s)(A).

188.     Defendants violated Cal. Civ. Code § 1788.17 by using unfair or unconscionable means to collect or attempt to collect the Mortgage Loan, a violation 15 U.S.C. § 1692(f).

189.     Defendants violated Cal. Civ. Code § 1788.17 by using deceptive means to collect or attempt to collect the Mortgage Loan, a violation of 15 U.S.C. § 1692e(10).

190.     The foregoing violations of 15 U.S.C. § 1692 by Defendants result in separate violations of Cal. Civ. Code § 1788.17.

191.     The forgoing acts by Defendants were willful and knowing violations of the CFDCPA, are sole and separate violations under Cal. Civ. Code § 1788.30(b), and trigger multiple $1,000.00 penalties.

192.     Cal. Civ. Code § 1788.17 provides that Defendants are subject to the remedies of 15 U.S.C. § 1692(k) and for failing to comply with the provisions of the FDCPA.

193.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants', and each of their, conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

194.     Defendants acts as set forth hereinabove were intentional, persistent, frequent and devious violations of 15 U.S.C. § 1692, which trigger additional damages of $1,000.00 under 15 U.S.C. § 1692(k)(a)(2)(A).

195.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000.  Plaintiff also is entitled to statutory damages and an

Johannessen v. BAC Home Loans, et al.                    P a g e | 35                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 35 of 40 PageID #: 35

award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

## COUNT VII

### FRAUD AND MISREPRESENTATION

196.     Paragraphs 1-195, above, are hereby restated and incorporated herein.

197.     Defendants made representations, promises and assurances to Plaintiff and others as set forth in paragraphs 12, 14, 16-19, 21, 22, 29-34, 36-38, 110-121, 166, 168, 169, 171, 172, 181, and 185-188 hereinabove regarding the Mortgage Loan, the Property, and the Deed.

198.     At the time Defendants made said representations, promises and assurances they knew or should have known that such representations, promises and/or assurances were false.

199.     Plaintiff justifiably relied upon Defendants false and misleading representations to Plaintiff's detriment and as a direct and proximate result has suffered damages.

200.     Defendants' wrongful acts as alleged herein for fraud, constructive fraud, concealment, promissory fraud, intentional misrepresentations, and/or negligent misrepresentations have caused and are causing damage to Plaintiff.

201.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants', and each of their, conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

202.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000.  Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

Johannessen v. BAC Home Loans, et al.                    P a g e | 36                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 36 of 40 PageID #: 36

## COUNT VIII

## QUIET TITLE TO REAL PROPERTY

203.     Paragraphs 1-202, above, are hereby restated and incorporated herein.

204.     Defendants have not established the validity of the Mortgage Loan, that it is the lawful holder and owner of the Mortgage Loan, or that it has the right to enforce the Mortgage Loan, through proper assignment, transfer or otherwise.

205.      Defendants have not established the validity of the Deed encumbering the Property, that it is the lawful holder and owner of the Deed encumbering the Property, or that it has the right to enforce the Deed encumbering the Property, through proper assignment, transfer or otherwise.

206.     Defendants have not provided Plaintiff with competent and persuasive evidence to support their claim to a secured interest in and/or to the Property.

207.     Defendants have not provided Plaintiff with competent and persuasive evidence to support their standing to assert and/or defend a secured interest in and/or to the Property.

208.     Defendants have not performed all conditions precedent to enforcement procedures relating to the Property, the Mortgage Loan and/or the Deed encumbering the Property.

209.     There is no proof of a chain of title establishing that Defendants have a perfected security interest in and/or to the Property.

210.     Defendants claim that they, and each of them, are the rightful owner(s) of the Property and Plaintiff disputes this claim.

211.     The claims of Defendants are clouds on title to the Property.

212.     Plaintiff seeks a judicial declaration that the title to the Property is vested in the rightful owner of the Property and that Defendants and each of them be declared to have no interest estate, right, title or interest in the Property and that Defendants, their agents and assigns, be forever enjoined from asserting any estate, right, title or interest in the Property subject to the rightful owner's rights.

Johannessen v. BAC Home Loans, et al.                    P a g e | 37                                        Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 37 of 40 PageID #: 37

## COUNT IX

### INJUNCTIVE RELIEF

213.    Paragraphs 1-212, above, are hereby restated and incorporated herein.

214.    The Property is innately unique, is a residence, and money damages will be inadequate to redress a deprivation of any interest in the land.

215.    Plaintiff has no other adequate remedy at law and the injunctive relief prayed for is necessary and appropriate at this time to prevent irreparable loss to Plaintiff.  Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined because real property used as a residence is inherently unique and it is and will be impossible for Plaintiffs to determine the precise amount of damage Plaintiffs will suffer.

216.    Defendants and their authorized representatives are aware of and have knowledge of their unlawful and improper acts as described hereinabove, including the collection actions set forth above.

217.    Unless enjoined by this Court, Plaintiff's rights will continue to be violated by Defendants and/or others.  Adequate compensatory or other corrective relief will not be sufficient or available at a later date to remedy the unlawful and improper acts as described hereinabove..  Plaintiff's damages are inadequate at law and monetary damages would not afford him adequate relief.  Further, there is a substantial threat that Plaintiff will suffer irreparable harm unless injunctive relief is granted; the threatened injury to Plaintiff if the injunctive relief is denied outweighs the possible harm to Defendants and others if relief is granted; and the issuance of injunctive relief in Plaintiff's favor will serve the public interest.

218.    Accordingly, the Plaintiff seeks a temporary and permanent injunction against Defendants and others acting in concert and/or in cooperation with any of them, pursuant to applicable state and federal laws, including Fed. R. Civ. P. 65.

## COUNT X

### ACCOUNTING

219.    Paragraphs 1-218, above, are hereby restated and incorporated herein.

Johannessen v. BAC Home Loans, et al.                    P a g e | 38                                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 38 of 40 PageID #: 38

220.     Plaintiff seeks an accounting, from the date the Mortgage Loan was originated to the present, of all activity relating to the Mortgage Loan and the related Deed as requested in the QWR and as provided by applicable statutes and laws.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by a jury including, but not limited to, those issues and claims set forth in any complaint or amended complaint or counterclaim or third party claim herein.

**WHEREFORE,** Plaintiff prays:

a.     That proper process issue and that the Bank be required to answer this Complaint within the time allowed under applicable law;

b.     For a jury trial, demanded for all issues triable by a jury;

c.     That this Court enter judgment against Defendants, and each of them, and in favor of Plaintiff for each law violation alleged in this Complaint;

d.     That this Court enter a permanent injunction to prevent future violations of the FDCPA, RESPA, TILA, the CFDCPA, and the Debtor and Co-Debtor Stays by Defendants and others acting in concert and/or in cooperation with any of them;

e.     For quiet title to the Property as requested hereinabove;

f.     For an accounting as requested hereinabove;

g.     For compensatory damages in of $250,000 or more according to proof;

h.     For treble damages as allowed by law;

i.     For statutory damages as allowed by law;

j.     For punitive and exemplary damages of $2,250,000 or more as allow by law;

k.     For an accounting of all monies paid to and/or by the Bank related to the Property;

l.     For interest on the obligations due hereunder as allowed by law;

m.     For attorneys fees as allowed by law;

n.     For costs of suit incurred herein; and

Johannessen v. BAC Home Loans, et al.                    P a g e | 39                    Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 39 of 40 PageID #: 39

o.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LAW OFFICES OF SCOTT D. JOHANNESSEN

By:  /s/ *Scott D. Johannessen*

Scott D. Johannessen
TN BPR # 26767
CA State Bar # 128841
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone:  877.863.5400
Facsimile:  877.863.5401
E-Mail:     scott@sdjnet.com
Web:        www.sdjnet.com

*Attorney in Propria Persona*

Johannessen v. BAC Home Loans, et al.                 P a g e  | 40                                           Complaint

Case 3:13-cv-00296   Document 1   Filed 04/03/13   Page 40 of 40 PageID #: 40