IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SCOTT JOHANNESSEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-cv-00296 |
| v. ) | |
| ) | Judge: Haynes |
| BAC HOME LOANS SERVICING, LP, a ) | |
| limited partnership.; BANK OF AMERICA, ) | Magistrate Judge: Griffin |
| N.A., a corporation; and QUALITY LOAN ) | |
| SERVICE CORP., a corporation, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS

Bank of America, N.A., ("BANA"), pursuant to Rule 12b(6), FRCP, moves the Court to dismiss the claims asserted against it.[1] In support of the motion BANA states:

Plaintiff and his wife, Lorrie Ann, were the former owners of residential rental property located at 15 Cagney Court, Sacramento, California. In 2006, they applied for a loan to refinance an existing loan on the Cagney Court Property.[2] As part of loan application process, Mr. and Mrs. Johannessen acknowledged that the Cagney Court Property was "Investment" Property."

---

[1] BAC Home Loans Servicing LP was merged into BANA on July 11, 2011. Accordingly, BAC Home Loans is no longer in existence.
[2] The loan application is attached as Exhibit D to Bank of America's Motion for Relief from the Automatic Stay and Co-debtor Stay and Request for Application of 11 U.S.C. §362E filed in the Ch 13 bankruptcy proceeding of Lorrie Ann Johannessen, Case No. 12-02370, now pending In the United States Bankruptcy Court for the Middle District of Tennessee. The court can take judicial notice of the pleadings filed in that case without converting the present motion to a motion for summary judgment.

7/3121793.1

On December 8, 2006, plaintiff and his wife executed a note in the amount of $262,500 payable to Sierra Pacifica Mortgage Company, Inc.[3] The note was endorsed to Countrywide Bank N.A. and by Countrywide Bank to Countrywide Home Loans, Inc. which endorsed it in blank. Currently BANA is the holder of the note. The note is secured by a deed of trust on the Cagney Court Property.[4]

On November 4, 2008, Mr. and Mrs. Johannessen executed a quit claim deed conveying the Cagney Court Property to Meridian Venture Partners LLC, a Tennessee limited liability company formed by plaintiff.

On March 12, 2012, plaintiff's wife filed a Chapter 13, bankruptcy in the Middle District of Tennessee. *See In Re: Lorrie Ann Johannessen*, BK no. 12-02370. Subsequently, Ms. Johannessen's plan was confirmed and by order entered on June 14, 2012, the stay was lifted and BANA as secured creditor was permitted to liquidate the Cagney Court Property.

In July, 2012, after the bankruptcy stay was lifted, BANA initiated foreclosure proceedings. A sale was set for July 30, but postponed and rescheduled to August 20. However, on August 19, 2012 Meridian Venture Partners LLC filed a Chapter 11 bankruptcy. *See In Re: Meridian Venture Partners LLC*, Case no. 3:12-07594. On September 23, 2012, Mr. Johannessen acting as attorney for Meridian filed an adversary proceeding against BANA, Case no. 3:12-ap-90539. Meridian asserted various claims and causes of action similar to those asserted in this case.

---

[3] A copy of the note with endorsements is attached as Exhibit A to Bank of America's Motion for Relief from the Automatic Stay and Co-debtor Stay and Request for Application of 11 U.S.C. §362E filed in the Ch 13 bankruptcy proceeding of Lorrie Ann Johannessen, Case No. 12-02370.
[4] A copy of the deed of trust is attached as Exhibit B to Bank of America's Motion for Relief from the Automatic Stay and Co-debtor Stay and Request for Application of 11 U.S.C. §362E filed in the Ch 13 bankruptcy proceeding of Lorrie Ann Johannessen, Case No. 12-02370, In the United States Bankruptcy Court for the Middle District of Tennessee

The US Trustee filed a motion to dismiss the Meridian bankruptcy. The US Trustee asserted several grounds for its motion including that no plan had been proposed and he concluded, *inter alia*, that Meridian was unable to propose a feasible plan of reorganization and that the facts in the case showed that the filing was not a good faith filing but intended only to hinder and delay BANA from foreclosing on the Cagney Court Property. An order was entered on April 12, 2013 dismissing the Meridian bankruptcy. On April 25, 2013, Mr. Johannessen, claiming to be an interested party, filed a notice of appeal of the dismissal of the Meridian bankruptcy.

Mr. Johannessen filed this suit against BANA. He purports to assert various claims relating to the BANA's attempt to foreclose on the property.

BANA moves to dismiss on the following grounds. First, the complaint fails to set forth a short, plain statement of the claim and fails to state a claim upon which relief can be granted. The complaint is forty pages long and contains 220 paragraphs and contains an additional 263 pages of irrelevant and redundant pages purporting to be exhibits. Likewise, much of the complaint deals with irrelevant issues unrelated to the parties in this litigation.

Second, the vast majority of the claims purport to be based on alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq*. ("FDCPA"), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), Real Estate Settlement Practices Act, 12 U.S.C. §2601 *et seq*. ("RESPA") and the California version of the FDCPA, Cal. Civ. Code § 1788. Basically, plaintiff complains that he submitted a Qualified Written Request ("QWR") under RESPA that went unanswered. He premises his claims based on the failure to respond to that request and his assertion that subsequent actions by BANA constitute FDCPA violations. He further asserts that BANA's attempt at foreclosure while a "co-debtor" stay was in place, constitutes a violation of

the FDCPA and violates the automatic stay in Ms. Johannessen's bankruptcy. He asserts that BANA's failure to provide notice of a transfer of servicer constitutes a violation of TILA.

However, none of these statutes apply to this transaction. First, plaintiff has not alleged that the loan was primarily for personal, family or household purposes. He cannot. The loan that is the subject matter of this suit was not one primarily for personal, family or household purposes but was to refinance a loan on investment property from which plaintiff derived rental income. This was not the Plaintiff's residence. He did not live there. It was investment property. Accordingly, as a matter of law, these statutes do not apply and the counts asserting violations of those statutes fail to state a cause of action.

Third, the FDCPA claim fails to state a claim against BANA as successor to the Countywide entities since BANA is the "creditor" and there is no allegation that the debt was assigned to it after default. The note was endorsed to Countrywide Bank NA and by Countrywide Bank to Countrywide Home Loans. Countrywide Home Loans was merged into BAC Home Loans which is now BANA. The FDCPA applies only to a "debt collector," not a creditor. BANA is a creditor, not a debt collector; accordingly, the FDCPA does not apply to its actions.

Fourth, the claims of "co-debtor stay" violations fail because the only stay upon which any such claims could be based is the stay resulting from the bankruptcy of Plaintiff's wife. That stay was lifted on June 14, 2012. The complaint simply states that certain actions occurred in violation of the stay, but fails to specify what dates, if any, the alleged violations occurred. It is respectfully submitted that the foreclosure activity relates to a timeframe after relief from the stay was granted. In addition, the co-debtor stay applies only to a consumer debt under 11 U.S.C. §1301(a). "Consumer debt" is defined in 11 U.S.C. §101(8) as "debt incurred by an individual

4

primarily for a personal, family or household purpose." This debt was incurred to refinance investment property. Therefore, those actions are not subject to any stay as the result of Ms. Johannessen's bankruptcy.

Fifth, the claims of misrepresentation and fraud are insufficient to state a claim for any relief. The complaint fails to satisfy the pleading requirements for asserting fraud or misrepresentation. Likewise, a review of the various paragraphs supposedly relied upon by plaintiff primarily relate to alleged RESPA violations, the QWR, and the alleged FDCPA violations.

Sixth, the claim for "quiet title" fails to state a claim. Plaintiff has no interest in the property, does not assert any interest in the property, and lacks standing to seek quit title relief.

Likewise, the claim for injunctive relief fails. Plaintiff asserts in paragraph 214 that "The [Cagney Court] Property is innately unique, is a residence, and money damages will be inadequate to address a deprivation of any interest in land." Respectfully, Plaintiff has no interest in the property that he can assert. The Cagney Court Property is not owned by plaintiff, but by Meridian. Plaintiff has no ownership interest in the property, and lacks standing to bring any claim seeking injunctive relief to prevent foreclosure of the property.

Finally, plaintiff's claim for an accounting is premised upon his QWR. Since RESPA does not apply to this loan, plaintiff is not entitled to an accounting.

In support of the motion are the following documents that are in the bankruptcy court records: the loan application and related documents and the note.[5] They are attached hereto for the Court's convenience.

---

[5] In Flynn v. GMAC Mortg., LLC, 2011 WL 4708858 at *1 n. 2 (E.D. Tenn. 2011), the court noted that the Sixth Circuit takes a liberal view as to what may be considered on a Rule 12(b)(6) motion to dismiss without converting it to a motion for summary judgment. "For example, the Court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim or are public

5

It is respectfully submitted that the complaint should be dismissed.

Respectfully submitted,

*/s/H. Frederick Humbracht*
H. Frederick Humbracht (No. 2993)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 252-2371
Facsimile: (615) 252-6371
rhumbracht@babc.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being is being served via the Court's ECF system on this the 10th day of May, 2013, on:

Scott D. Johannessen
3200 West End Avenue
Suite 500
Nashville, TN 37203

*/s/H. Frederick Humbracht*
H. Frederick Humbracht

---

records." In Neal v. Shelby County Government Community Services Agency, 815 F.Supp.2d 999, 1002 (W.D. Tenn. 2011), the court stated: "'Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.' Buck v. Thomas M. Cooley Law School, 597 F.3d 812, 816 (6th Cir. 2010) (citing Winget v. JP Morgan Chase Bank N.A. 537 F.3d 565, 576 (6th Cir. 2008)." See also Malin v. JP Morgan, 860 F.Supp.2d 574 (E.D. Tenn. 2012).