## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| SCOTT JOHANNESSEN;<br>MERIDIAN VENTURE PARTNERS LLC,<br>a limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP,<br>a limited partnership; BANK OF AMERICA,<br>N.A., a corporation; and QUALITY LOAN<br>SERVICE CORP., a corporation,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:13-cv-00296<br><br>Chief Judge William J. Haynes, Jr. |

---

### AMENDED COMPLAINT

---

Plaintiffs Scott Johannessen and Meridian Venture Partners LLC, by their undersigned attorney, hereby file this Amended Complaint and allege upon information and belief:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action is a civil action arising under the Constitution, laws, or treaties of the United States.  This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action is between parties that are citizens of different states and the amount in controversy is greater than $75,000.

2.     This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because certain of the claims herein are so related to claims in the action within such original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this is a district in which a substantial part of the events or omissions giving rise to the claims occurred, one or more of the Defendants

Meridian Venture Partners LLC<br>v. Bank of America, N.A., et al.                    P a g e | 1                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 1 of 31 PageID #: 624

regularly conducts business in this district, Plaintiff resides in this district, and Plaintiff-Intervenor resides in this district.

## PARTIES

4.    Plaintiff Meridian Venture Partners LLC ("Meridian") is a Tennessee limited liability company organized pursuant to and operating under the laws of the state of Tennessee.

5.    Plaintiff Scott Johannessen ("Plaintiff") is a citizen and resident of the state of Tennessee.

6.    Defendant Bank of America, N.A. ("BANA") is a national bank that designates its main office in North Carolina.  Defendant BAC Home Loans Servicing, LP ("BAC Home Loans") is a limited partnership, a subsidiary of and/or a predecessor in interest to BANA.  BANA and BAC Home Loans (collectively, the "BAC Parties") are doing business in the state of Tennessee.  The BAC Parties are affiliates and/or subsidiaries owned and/or controlled by Bank of America Corporation ("BAC") and engage in the business of servicing residential mortgage loans and collecting debts on behalf of others.  BAC is a registered bank holding company; is a multinational banking and financial services corporation headquartered in North Carolina; and is doing business in the state of Tennessee.  The BAC Parties maintain their principal places of business at and can be served with process through Bank of America Center, 100 North Tryon Street, North Carolina 28255.

7.    Defendant Quality Loan Service Corporation ("Quality Loan") is a California corporation. Quality Loan is the agent, subagent, trustee, servicer, nominee, assignee, successor-in-interest and/or representative appointed, engaged, utilized and/or retained by the BAC Parties to, among other things, facilitate, enable and/or assist with residential mortgage foreclosure services that relate to and/or are performed in conjunction with the collection of consumer debts, including home mortgage loans.  Quality Loan maintains its principal place of business at and can be served with process through 2141 Fifth Avenue, San Diego, California 92101.  Quality Loan is the agent and/or subagent of the BAC Parties, and each of them, and at all relevant times herein has acted within the scope of such relationships.  The BAC Parties, and each of them, are the principals of Quality Loan and the principals, agents and/or subagents of each other and at all relevant times herein have acted within the scope of such relationships.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 2                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 2 of 31 PageID #: 625

## FACTUAL BACKGROUND

8.      In June 2001 Plaintiff, a California resident, purchased certain residential real estate located at 15 Cagney Court in Sacramento, California (the "Real Property"). The Real Property is the former residence of Plaintiff and his wife, Lorrie Johannessen (collectively, the "Johannessens"). The Real Property, the first home owned by the Johannessens, was a good and secure investment in their family's future. However, the Real Property was not purchased for business or investment purposes or to make a profit. To the contrary, the Real Property was purchased for very personal reasons, e.g., as a home for the Johannessens and their children.

9.      In December 2006 Plaintiff, a California resident, transferred the Property by grant deed to himself and Mrs. Johannessen, as husband and wife and as community property with a right of survivorship.

10.     In December 2006 the Johannessens obtained a mortgage loan (the "Mortgage Loan"). The Mortgage Loan includes a promissory note (the "Note") and a deed of trust (the "Deed of Trust"). The Mortgage Loan, i.e., the Note and the Deed of Trust, identifies Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific"), a California corporation, as the lender and the Johannessens as the borrower. By its terms, federal and California law govern the Mortgage Loan. The Mortgage Loan was secured by the Johannessens not to purchase the Real Property or to make any money, but rather to take cash out of their former residence for various personal, family and household purposes, e.g., purchasing furniture and household items, children's clothes, family vacation, etc. In fact, the Real Property, rented to friends of the Johannessens, operated at a loss, did not make a profit and was not expected to make a profit.

11.     In January 2007 the Mortgage Loan was transferred to the Federal Home Loan Mortgage Corporation ("Freddie Mac").[1] Freddie Mac owns the Mortgage Loan.

---

[1]    Congress chartered Freddie Mac in 1970 with "a public mission to stabilize the nation's residential mortgage markets and expand opportunities for homeownership and affordable rental housing." Freddie Mac's "statutory mission is to provide liquidity, stability and affordability to the U.S. housing market … [and] participate in the secondary mortgage market by *purchasing mortgage loans* and mortgage-related securities for investment." *See* www.freddiemac.com/corporate/company_profile/faqs/, Freddie Mac's official government sponsored Internet website, which also states: "Freddie Mac does not make loans directly to homebuyers. [Its] primary business is *to purchase loans* from lenders to replenish their supply of funds so that they can make more mortgage loans to other borrowers." *Id.*

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                                    P a g e | 3                                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 3 of 31 PageID #: 626

12.     In March 2008 Plaintiff formed Plaintiff-Intervenor Meridian.  Meridian is a Tennessee limited liability company.  Plaintiff, its original member, formed Meridian as a Family-Owned Non-Corporate Entity, i.e., a "FONCE," pursuant to Tenn. Code Ann. 67-4-2008(a)(11).

13.     Meridian was formed for two primary reasons.  First and foremost, as a family estate planning tool to provide for Plaintiff's wife and children in the event of his untimely passing, as Plaintiff has no life insurance.  Second, as a vehicle to protect his family from unanticipated personal injury claims or other liability occasioned by the use of or trespass on the real estate, i.e., the Real Property, owned by Meridian.  While living in Sacramento Plaintiff easily managed the Real Property.  Plaintiff's friend, who rented the Real property with his wife, was a contractor and a very skilled "fix it" person.  Plaintiff's involvement was minimal, visiting the real property infrequently during the duration of the rental.  But living in Tennessee 2,300 miles away created some significant challenges, as he was no longer able to physically visit and/or attend to the Real Property.  Placing real estate into a separate legal entity has long been a logical, common, preferred and legitimate estate planning mechanism to provide additional family protections from personal liability claims.

14.     In July 2008 the Johannessens moved from California to Tennessee.  In August 2008 Plaintiff established the Johannessen Family 2008 Irrevocable Trust (the "Trust").  The Trust is a spendthrift trust under Tennessee law.[2]  As with Meridian, the Trust is legitimate, well-planned and established in accordance with federal and state laws.[3]  Following the formation of the Trust, Plaintiff freely, voluntarily

---

[2]     A spendthrift trust is defined as "[a] trust that prohibits the beneficiary's interest from being assigned and also prevents a creditor from attaching that interest; a trust by the terms of which a valid restraint is imposed on the voluntary or involuntary transfer of the beneficiary's interest." Black's Law Dictionary 1552 (8th ed. 2004); see Restatement (Second) of Trusts § 152(2) (1959); 2A Austin W. Scott, Jr., The Law of Trusts § 151 (4th ed. 2001).  A debtor's income from a trust and future remainder interests in the principal of a trust is protected by a valid spendthrift provision.  *Wachovia Bank, N.A. v. Levin*, 419 B.R. 297, 303 (E.D.N.C. 2009).

[3]     The Trust was duly established as a Tennessee Asset Protection Trust pursuant to the Tennessee Investment Services Act of 2007 (the "Act"). T.C.A. § 35-16-101, *et seq.*; *see* 2007 Tenn. Pub. Acts 144.  The Trust was created to receive contributions from or on behalf of Plaintiff, the Grantor, during his lifetime.  Plaintiff created an Investment Services Trust, as defined in T.C.A. § 35-16-102(7) as part of the Tennessee Investment Services Act of 2007 (the "Act"), including any future amendments thereto, so as to obtain for him and his family the creditor protection provided under the Act. Consistent therewith, all contributions by Mr. and/or Mrs. Johannessen to any trust created under the Trust during their lifetime will be "qualified dispositions" within the meaning of T.C.A. §35-16-102(11).

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 4                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 4 of 31 PageID #: 627

and in accordance with applicable California and Tennessee laws transferred his full membership interest in Meridian to the Trust. At that point and ever since the Trust has been the sole and only member of Meridian.

15. In November 2008 the Real Property was transferred to Meridian as a permitted gift, free of reassessment, pursuant to California's Proposition 13.[4] The Assessor of Sacramento County, California approved the transfer of the Real Property as a permitted transfer to an entity involving a husband, a wife and their family trust, thus not subjecting the Real Property to property tax reassessment.[5] As beneficiaries under the Trust, Johannessen family members own beneficial interests in Meridian and the Real Property owned by Meridian, i.e., principal, income and remainder interests (the "Personal Property"). Meridian owns fee title to the Real Property.

16. Sierra Pacific and Countrywide Home Loans, BAC Home Loans' predecessor, have known about the Real Property transfer to Meridian since November 2008. Prior to November 2008 BANA and/or its predecessor(s) approved and consented to the transfer of the Real Property to Meridian and Meridian's ownership of the Real Property. The Johannessens did not "fraudulently" transfer the Real Property to Meridian, as sometimes claimed by the BAC Parties. Having provided their approval and consent and subsequently engaging in acts consistent therewith, the BAC Parties have waived their right, if any, to

---

The Trust is an irrevocable trust with a spendthrift clause. The spendthrift clause applies to the Grantor as well as any other beneficiary under the Trust. Neither the principal of any trust created thereunder nor the income therefrom while in the hands of the Trustee is subject to assignment, alienation, surrender, pledge, attachment, execution, diminishment or diminution in value, or claims of creditors or any beneficiary or beneficiaries whomsoever through legal process, bankruptcy, operation of law, or otherwise. Any attempted sale, assignment, alienation, surrender, pledge, attachment, or diminishment or diminution in value of the principal or income held in any trust created thereunder will be null and void and will not be recognized under any circumstances by the Trustee.

[4] Pursuant to Fed. R. Evid. 201 Plaintiff respectfully requests that this Court take judicial notice of **Exhibit 1** to the Complaint, DE No. 1, ¶ 10.

Proposition 13 (officially named the People's Initiative to Limit Property Taxation) was an amendment of the Constitution of California enacted during 1978, by means of the initiative process. California voters approved it on June 6, 1978. It was declared constitutional by the United States Supreme Court in the case of *Nordlinger v. Hahn*, 505 U.S. 1 (1992). Proposition 13 is embodied in Article 13A of the Constitution of the State of California. The proposition decreased property taxes by assessing property values at their 1975 value and restricted annual increases of assessed value of real property to an inflation factor, not to exceed 2% per year. It also prohibited reassessment of a new base year value except for (a) change in ownership or (b) completion of new construction. The transfer to Meridian in this case is exempt from reassessment under Proposition 13.

[5] Pursuant to Fed. R. Evid. 201 Plaintiff respectfully requests that this Court take judicial notice of **Exhibit 2** to the Complaint, ¶ 10.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 5                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 5 of 31 PageID #: 628

withdraw their approval and consent and are estopped from complaining about and/or objecting to the Real Property transfer to and ownership by Meridian.

17.     In September 2011 Mortgage Electronic Registration Systems, Inc. ("MERS"), a Texas corporation, attempted to transfer to BANA its purported interests, rights and obligations in the Mortgage Loan (the "MERS Assignment"). See Exhibit 6 to original Complaint. The MERS Assignment is a nullity and void under California law. The purported assignment of the Deed of Trust alone is a nullity and void under California law. The purported transfers of the Mortgage Loan contain invalid and/or fraudulent endorsements and do not evidence a proper chain of title for the Mortgage Loan or the Real Property. See Exhibit 8 to original Complaint. Although previously requested by Plaintiff and Meridian to do so, no Defendant notified Plaintiff or Meridian of the MERS Assignment or provided Plaintiff or Meridian with a complete copy of the Mortgage Loan and its purported provenance until after October 2012.

18.     Plaintiff and Meridian were notified that the Mortgage Loan was delinquent and in default before any Defendant purportedly obtained the Mortgage Loan.

19.     Plaintiff and Meridian made inquiries of the BAC Parties as to their loan modification procedures. The BAC Parties advised Plaintiff and Meridian that loan modification would be unlikely so long as the loan in question was a "performing loan." Upon further inquiry the BAC Parties advised Plaintiff and Meridian that the likelihood of loan modification would increase substantially after the loan was more than 90 days past due, apparently after it became a "nonperforming loan." Although Plaintiff offered to do so, in January 2012 the BAC Parties instructed Plaintiff not to make any further payments on the Mortgage Loan but, instead, to provide the BAC Parties information it could use in their loss mitigation and loan modification processes vis-à-vis the Mortgage Loan, which Plaintiff did.

20.     Repeatedly since May 2011 Plaintiff and Meridian have asked the BAC Parties, in writing and by phone, to provide copies of, among other things, documents authenticating and establishing the ownership of, the provenance for and any transfers and/or assignments of the Mortgage Loan that affect the Real Property. Plaintiff and Meridian also have requested copies of documentation disclosing detailed financial information relating to the monthly servicing and maintenance charges for the Mortgage Loan,

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 6                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 6 of 31 PageID #: 629

including fees charged to Plaintiff for property insurance, taxes, penalties and interest. Plaintiff and Meridian requested such information in order to ascertain, among other things, the chain of title for and ownership of the Mortgage Loan since the Mortgage Loan's December 2006 origination with Sierra Pacific and the propriety of the amounts the BAC Parties charged, billed and carried on their financial books and records vis-à-vis the Mortgage Loan, e.g., expenses improperly charged to Plaintiff. The BAC Parties promised to provide, but did not provide, the requested information. Rather than disclose and provide the requested information, the BANA Parties instead concealed its wrongdoing and that, despite his diligence, Plaintiff could not timely discover their wrongdoing.

21.     In January 2012 Michele Sjolander, a Senior Vice President of the BAC Parties, provided sworn deposition testimony in a federal district court case in Mississippi (the "Sjolander Deposition") concerning residential home mortgage loan services provided by one or more of the BAC Parties, MERS and others and relating to and/or performed in conjunction with the collection of consumer debts, including residential mortgage loans (the "Mississippi District Court Case"). See Exhibit 8 to original Complaint (the "Sjolander Deposition").

22.     The mortgage loan that was in question in the Mississippi District Court Case, as with the Mortgage Loan in question in this action, includes the purported endorsements of Ms. Sjolander and Laurie Meder that have been fabricated by someone other than the named endorsers, i.e., "robosigning." (the "Robosigned Allonges").[6] Among other testimony calling into question the accuracy, efficacy and trustworthiness of the BAC Parties' business practices where commercial paper and other document "processing" and endorsements are concerned, when asked whether either she or Ms. Meder had ever signed an endorsement on a promissory note, i.e., a mortgage loan, Ms. Sjolander replied, "No." At the deposition, Ms. Sjolander not only revealed that she did not place the endorsement on the note, but in fact was not allowed into the vault area where endorsing is supposedly done (at Recontrust, by Recontrust employees)

---

[6]     Robosigning occurs when an individual with no personal knowledge executes documents without actually reviewing them on what amounts to an assembly line process. Moreover, some of the persons executing the documents did not have authority to do so and, in some instances like this case, were not the person whose name appeared on the signature line. In this case, robosigning apparently took place in secretive locked vaults by persons other than the person(s) whose name(s) appeared on the signature line(s).

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e  |  7                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 7 of 31 PageID #: 630

without an escort.  Ms. Sjolander also stated that she does not know the name of the person who supposedly did place her purported endorsement on the note.  See Sjolander Deposition, page 78, line 8, through page 82, line 7, and page 8, line 21, through page 18, line 3.  Ms. Sjolander's position and authority with one or more of the BAC Parties and Ms. Meder's lack of position and authority with one or more of the BAC Parties also are established.  See Sjolander Deposition, page 79, lines 2-9.

23.    In February 2012 the BAC Parties notified Plaintiff and Meridian that the BAC Parties appointed a "single point of contact" to address any and all of Plaintiff and Meridian's inquiries concerning the Mortgage Loan.  In February 2012 the BAC Parties also notified Plaintiff and Meridian that a loan modification of the Mortgage Loan would likely be approved, that seeking bankruptcy protection would not be necessary, and that a "negotiator" had been assigned to the account to process the loan modification.

24.    In March 2012 Mrs. Johannessen filed for Chapter 13 bankruptcy court protection in the United States Bankruptcy Court for the Middle District of Tennessee (the "Chapter 13 Case").  Plaintiff is a co-debtor in the Chapter 13 Case.  BAC Home Loans was listed as a creditor in Mrs. Johannessen's bankruptcy schedules, even though the BAC Parties never timely provided any substantiation for the Mortgage Loan or any response to Plaintiff and Meridian's myriad requests for information.  No BAC Party filed a proof of claim or an objection in the Chapter 13 Case.   The petition in the Chapter 13 Case was filed on March 9, 2012 (the "Stay Date").

25.    In July 2012 the BAC Parties and Quality Loan (collectively, "Defendants") sought to collect the Mortgage Loan and foreclose on the Real Property by trustee's sale in violation of, among other things, the Real Estate Settlement Procedures Act, federal and state Fair Debt Collection Practices Acts, and the Co-Debtor Stay.  When confronted with this information and provided proof of funds to satisfy any deficiency under the Mortgage Loan Defendants agreed to postpone the foreclosure sale to the following month.  Following the postponement of the first foreclosure sale date Defendants failed and refused to return Plaintiff's telephone calls or respond to his written communications regarding the Mortgage Loan.  Defendants' actions were the cause of the loss of the tenants who had occupied the Property continuously since prior to 2008.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 8                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 8 of 31 PageID #: 631

26.     The Real Property has become un-tenantable for many months, as no one will lease the Property with the foreclosure cloud placed over it by Defendants and Defendants' related activities as set forth hereinabove.  Defendants are aware that the Real Property became un-tenantable as a direct and/or proximate cause of Defendants' wrongful conduct as alleged herein.  The lack of lease payments from a tenant has adversely and negatively harmed Plaintiff and/or Meridian in their ability to make payments on the Mortgage Loan to the rightful owner of the Mortgage Loan.

27.     In August 2012 Defendants again sought to foreclose on the Real Property by use of a trustee's sale in violation of, among other things, the Real Estate Settlement Procedures Act, federal and state Fair Debt Collection Practices Acts, and the Co-Debtor Stay.  Meridian's Chapter 11 bankruptcy petition was filed before the scheduled sale date and the trustee's sale was, upon information and belief, either adjourned, cancelled or postponed.  The Chapter 11 petition was filed in order to protect Meridian from, in part, Defendants' unlawful debt collection practices and repeated violations of federal and state statutes and laws.

## COUNT I

### VIOLATION OF STATUTE:
### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*
### (As against all Defendants)

28.     Paragraphs 1-27, above, are hereby restated and incorporated herein.

29.     Since January 2007 no BAC Party has provided any documentation to either Plaintiff or Meridian evidencing a transfer and/or assignment of the Mortgage Loan by Freddie Mac to BANA or any other entity.  Since January 2007 Freddie Mac, not BANA or any other entity, has been the owner of the Mortgage Loan originated by Sierra Pacific.  The Mortgage Loan BANA is purportedly servicing and/or holding is not its own loan.  According to the federal government, the Mortgage Loan is Freddie Mac's.  BANA is not the real party in interest and has no legitimate standing to claim otherwise.  No Defendant is the owner or lawful holder of the Mortgage Loan upon which they seek to collect.  The Mortgage Loan was not originated by any Defendant and was delinquent and in default prior to any Defendant purportedly obtained the Mortgage Loan.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                                       P a g e | 9                                       Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 9 of 31 PageID #: 632

30.     The BAC Parties have made representations to Plaintiff and Meridian that they are the owner, lawful holder and servicer of the Mortgage Loan the but have not provided proper documentation establishing these alleged facts.  Plaintiff and Meridian have disputed and continue to dispute that the BAC Parties are legitimate creditors of Plaintiff or Meridian but, rather, contend that the BAC Parties may merely possess the Mortgage Loan and/or one or more of its constituent parts, i.e., the Note and/or the Deed of Trust.

31.     Noting "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices," 15 U.S.C. § 1692(a), Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in order to eliminate abusive practices in the debt collection industry and ensure that "those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e).

32.     The FDCPA is a consumer-protection statute that was enacted in 1977, as Title VIII of the Consumer Credit Protection Act, 15 U.S.C. 1601 et seq.  The FDCPA regulates various practices pertaining to the collection of consumer debts by "debt collector[s]."  The term "debt collector" is defined to include "any person … who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. 1692a(6).

33.     Among other things, the FDCPA regulates and restricts the acquisition of information pertaining to consumer debtors, *id.* §§ 1692b, 1692c, prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," *id.* § 1692d, bars the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," *id.* § 1692e, and proscribes "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f.

34.     The FDCPA also prohibits taking "any action that cannot legally be taken or that is not intended to be taken," engaging in any conduct that would "[h]arass, oppress, or abuse any person in connection with the collection of a debt," and using "unfair or unconscionable means" in its debt collection activity.  Federal Trade Commission, *Staff Commentary on the FDCPA*, §§ 806, 807(5), 808.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 10                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 10 of 31 PageID #: 633

35.     In order to establish a claim under the FDCPA: (1) plaintiff must be a "consumer" as defined by the FDCPA; (2) the "debt" must arises out of transactions which are "primarily for personal, family or household purposes;" (3) defendant must be a "debt collector" as defined by the FDCPA; and (4) defendant must have violated the FDCPA's prohibitions.

36.     The filing of a petition for an order of relief in the Chapter 13 Case invokes the automatic stay of 11 U.S.C. § 362(a) (the "Debtor Stay") and the automatic stay of 11 U.S.C. § 1301(a) (the "Co-Debtor Stay").  The Debtor Stay and the Co-Debtor Stay operate to prevent creditors of the debtor and co-debtor from taking steps or continuing action to collect their debt, secure or improve their position regarding their debt, or obtain possession of the collateral securing their debt.

37.     In June 2012 the bankruptcy court issued its Order Confirming Chapter 13 Plan in the Chapter 13 Case (the "Confirmed Chapter 13 Plan").  The Confirmed Chapter 13 Plan makes the surrender of the Real Property a condition precedent to the lifting of the Debtor Stay. As Mr. Johannessen did not own the Real Property she did not and could not surrender the Real Property to any person or entity.  The Confirmed Chapter 13 Plan does not make provision for lifting the Co-Debtor Stay.  Since 2008 neither Plaintiff nor Mrs. Johannessen nor Meridian nor the Trust surrendered or transferred any interest in either the Real Property or the Personal Property.

38.     There has never been any objection, belated or otherwise, to the Confirmed Chapter 13 Plan by any person or entity and, pursuant to 11 U.S.C § 1327 "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."  11 U.S.C. § 1327 gives *res judicata* effect to the Confirmed Chapter 13 Plan.

39.     The BAC Parties claim the bankruptcy court lifted the Co-Debtor Stay in June 2012, thus permitting their debt collection and other activities/actions against Plaintiff and/or Meridian.  This is not true. In fact, the Co-Debtor Stay was lifted nearly one year later, in May 2013, and at Plaintiff's request the bankruptcy court specifically noted that all claims against the BAC Parties remain extant and uncompromised.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 11                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 11 of 31 PageID #: 634

40. In November 2012 BANA's attorney and authorized representative claimed, under penalty of perjury, that Meridian was obligated for the amounts due under the Mortgage Loan. BANA identified the Note as the basis for its monetary claim against Meridian. Plaintiff was not identified by BANA on its Official Form B-10 as the obligor on the Mortgage Loan. Plaintiff and Meridian objected to and disputed, and still object to and dispute, the amounts the BAC Parties claim are due under the Mortgage Loan as set forth in the November 2012 BANA claim. Meridian is not and never has been a signatory of, a co-borrower on or a guarantor of the Note and has no liability thereon.

41. In January 2013 BANA's officer and authorized representative claimed, under penalty of perjury, that Meridian was obligated for the amounts due under the Mortgage Loan. BANA identified the Note as the basis for its monetary claim against Meridian. Plaintiff was not identified by BANA on its Official Form B-10 as the obligor on the Mortgage Loan. Plaintiff and Meridian objected to and disputed, and still object to and dispute, the amounts the BAC Parties claim are due under the Mortgage Loan as set forth in the January 2013 BANA claim. Again, Meridian is not and never has been a signatory of, a co-borrower on or a guarantor of the Note and has no liability thereon.

42. In March 2013 Defendants again were requested to provide information concerning and relating to the Mortgage Loan and the foreclosure process and Defendants again refused to respond, even after Defendants acknowledged that information regarding such things as monthly foreclosure sale adjournment, cancellation and/or postponement notices had never been received by Plaintiff or Meridian and were still being sent to an incorrect address following Plaintiff's November 2008 notification, as identified hereinabove, as to the transfer of the Real Property to Meridian. Defendants promised to provide, but did not provide, the requested information.

43. The FDCPA is liberally construed in favor of the consumer to effectuate its purposes. Under the FDCPA, a "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). As set forth hereinabove, Plaintiff is a consumer under the FDCPA.

44. Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 12                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 12 of 31 PageID #: 635

of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). As set forth hereinabove, the Mortgage Loan is a debt under the FDCPA.

45. Under the FDCPA, if a purpose of an activity taken in relation to a debt is to obtain payment of the debt, the activity is properly considered debt collection. The ultimate purpose of foreclosure is the payment of money. Defendants, directly or indirectly through their agents and/or subagents, collect debts after they have become delinquent. Defendants, directly or indirectly through their agents and/or subagents, use instrumentalities of interstate commerce or the mails in their business, which includes the collection of debts. Defendants, directly or indirectly through their agents and/or subagents, regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendants' activities as hereinabove described are considered debt collection under the FDCPA and are within the scope of one or more agency relationships amongst Defendants and the BAC Parties. Mortgage foreclosure is debt collection under the FDCPA. As set forth hereinabove, Defendants are debt collectors under the FDCPA.

46. Under the FDCPA, a "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). All written and oral communications of Defendants and the BAC Parties as described herein are communications under the FDCPA.

47. Cal. Civ. Code § 2924(a)(6) provides that "no entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest."

48. Defendants claim that their activities under Cal. Civ. Code § 2924, concerning the timely recordation of a Notice of Default in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 13                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 13 of 31 PageID #: 636

violations of the Co-Debtor Stay, Cal. Civ. Code §§ 2924, 2920.5, 2924g(e), and the FDCPA.

49.     Defendants claim that their activities under Cal. Civ. Code §§ 2924(b)(1) and 2924(e), concerning the proper and timely mailing of the Notice of Default to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of the Co-Debtor Stay, Cal. Civ. Code §§ 2924(b)(1), 2924(e), 2920.5, 2924g(e), and the FDCPA.

50.     Defendants claim that their activities under Cal. Civ. Code §§ 2924b(c)(1), (2) and 2924b(e), concerning the proper and timely mailing of the Notice of Default to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of the Co-Debtor Stay, Cal. Civ. Code §§ 2924b(c)(1), (2), 2924b(e), 2920.5, 2924g(e), and the FDCPA.

51.     Defendants claim that their activities under Cal. Civ. Code §§ 2924 and 2924f(b), concerning the proper and timely setting of the foreclosure sales date, time and location in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are violations of the Co-Debtor Stay, Cal. Civ. Code §§ 2924, 2924f(b), 2920.5, 2924g(e), and the FDCPA.

52.     Defendants claim that their activities under Cal. Civ. Code §§ 2924f(b), 2924b(c)(3) and 2924b(e), concerning the proper and timely posting, mailing and publication (must run three consecutive weeks) of the Notice of Trustee's Sale in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of the Co-Debtor Stay, Cal. Civ. Code §§ 2924f(b), 2924b(c)(3), 2920.5, 2924g(e), and the FDCPA.

53.     Defendants claim that their activities under Cal. Civ. Code § 2924f(b), concerning the proper and timely recording of the Notice of Trustee's Sale with the county recorder's office in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of the Co-Debtor Stay, Cal. Civ. Code §

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 14                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 14 of 31 PageID #: 637

2924f(b), 2920.5, 2924g(e), and the FDCPA.

54. Defendants claim that their activities under Cal. Civ. Code § 2924g(c)(2), concerning the Serial Postponement Notices and the requirement that any postponement shall be announced at the time and location specified in the notice of sale for commencement of the sale in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not. These collection activities are material violations of the Co-Debtor Stay, Cal. Civ. Code § 2924g(c)(2), 2920.5, 2924g(e), and the FDCPA.

55. Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that declarations and all other recorded non-judicial foreclosure documents must be "accurate and complete and supported by competent and reliable evidence." Defendants' actions as set forth hereinabove hereinabove concerning the Robosigned Allonges, the MERS Assignment and Defendants' collection efforts related thereto are material violations of the Co-Debtor Stay, Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

56. Cal. Civ. Code § 2924.17, which codifies provisions of the National Mortgage Settlement, provides that the servicer of the mortgage loan must ensure it has reviewed "competent and reliable evidence to substantiate the borrower's default and the right to foreclose before recording any foreclosure documents." Defendants' actions as set forth hereinabove concerning the Co-Debtor Stay, the Robosigned Allonges, the MERS Assignment and Defendants' collection efforts related thereto are material violations of the Co-Debtor Stay, Cal. Civ. Code §§ 2924.17, 2920.5, 2924g(e), and the FDCPA.

57. Cal. Civ. Code § 2924(a)(5) provides that if a foreclosure sale is postponed by at least 10 business days, the mortgagee, beneficiary, or authorized agent must send written notice within five business days following the postponement advising the borrower of the postponement and the new sale date and time. Defendants did not comply with this statutory mandate. Defendants' actions their collection efforts related thereto are material violations of the Co-Debtor Stay, Cal. Civ. Code §§ 2924(a)(5), 2920.5, 2924g(e), and the FDCPA.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 15                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 15 of 31 PageID #: 638

58.     Cal. Civ. Code § 2943(b)(1) provides "A beneficiary, or his or her authorized agent, shall, within 21 days of the receipt of a written demand by an entitled person or his or her authorized agent, prepare and deliver to the person demanding it a true, correct, and complete copy of the note or other evidence of indebtedness with any modification thereto, and a beneficiary statement."  Defendants did not comply with this statutory mandate. Defendants' actions their collection efforts related thereto are material violations of the Co-Debtor Stay, Cal. Civ. Code §§ 2924(a)(5), 2920.5, 2943(b)(1), and the FDCPA.

59.     Cal. Civ. Code § 2924(a)(6) provides that "no entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.  No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest."

60.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code § 2924, concerning the timely recordation of a Notice of Default in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code §§ 2924, 2920.5, 2924g(e), and the FDCPA.

61.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924(b)(1) and 2924(e), concerning the proper and timely mailing of the Notice of Default to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code §§ 2924(b)(1), 2924(e), 2920.5, 2924g(e), and the FDCPA.

62.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924b(c)(1), (2) and 2924b(e), concerning the proper and timely mailing of the Notice of Default to Plaintiff and others with the recording date in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 16                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 16 of 31 PageID #: 639

material violations of Cal. Civ. Code §§ 2924b(c)(1), (2), 2924b(e), 2920.5, 2924g(e), and the FDCPA.

63.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924 and 2924f(b), concerning the proper and timely setting of the foreclosure sales date, time and location in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are violations of Cal. Civ. Code §§ 2924, 2924f(b), 2920.5, 2924g(e), and the FDCPA.

64.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code §§ 2924f(b), 2924b(c)(3) and 2924b(e), concerning the proper and timely posting, mailing and publication (must run three consecutive weeks) of the Notice of Trustee's Sale in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code §§ 2924f(b), 2924b(c)(3), 2920.5, 2924g(e), and the FDCPA.

65.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code § 2924f(b), concerning the proper and timely recording of the Notice of Trustee's Sale with the county recorder's office in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code § 2924f(b), 2920.5, 2924g(e), and the FDCPA.

66.     Defendants claim that their collection-related activities under the FDCPA and Cal. Civ. Code § 2924g(c)(2), concerning the Serial Postponement Notices and the requirement that any postponement shall be announced at the time and location specified in the notice of sale for commencement of the sale in conjunction with debt collection efforts vis-à-vis the Mortgage Loan, were properly initiated after the Stay Date, which they were not.  These collection activities are material violations of Cal. Civ. Code § 2924g(c)(2), 2920.5, 2924g(e), and the FDCPA.

67.     Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person.  15 U.S.C. § 1692k(a).

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 17                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 17 of 31 PageID #: 640

68.     Under the FDCPA, consumers are allowed to recover statutory or actual damages for violations of the FDCPA.  15 U.S.C. § 1692e.

69.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants' conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

70.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000 and, in addition, is entitled to statutory damages of at least $1,000 per FDCPA violation.  Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

## COUNT II

### VIOLATION OF STATUTE:
### CALIFORNIA FORECLOSURE STATUTES
### CAL. CIV. CODE §§ 2920-2944.7

71.     Paragraphs 1-70, above, are hereby restated and incorporated herein.

72.     Defendants' violated the California Foreclosure Statutes by engaging in the actions and activities set forth in paragraphs 47-66, inclusive, hereinabove.

73.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants' conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

74.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000 and, in addition, is entitled to statutory damages.  Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 18                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 18 of 31 PageID #: 641

fraudulent, unfair and bad faith conduct.

## COUNT III

### VIOLATION OF STATUTE:
### BANKRUPTCY CODE AUTOMATIC STAY
### 11 U.S.C. § 1301(a)

75.     Paragraphs 1-74, above, are hereby restated and incorporated herein.

76.     11 U.S.C. §§ 362(a) and 1301(a) are two of the fundamental debtor protections provided by the bankruptcy laws.  S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977).  11 U.S.C. §§ 362(a) and 1301(a) create broad automatic stays protecting both the debtor and the co-debtor.  The Debtor Stay and Co-Debtor Stay extend to virtually all formal and informal actions against the debtor and co-debtor.  They are intended to "stop all collection efforts, all harassment, and all foreclosure actions."  S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5840.  Any collections actions taken by a creditor in violation of the Debtor Stay or Co-Debtor Stay are legally void and unenforceable.

77.     The automatic stays are "effective upon the date of the filing of the petition ... and formal service of process will not be required."  2 Collier on Bankruptcy p 362.03 (15th ed. 1988).  Actions taken in violation of the automatic stay are invalid and void.

78.     Defendants' actions on or after the Stay Date as set forth hereinabove are unlawful and are material violations of the Co-Debtor Stay.

79.     Pursuant to 11 U.S.C. § 362(k)(1) "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

80.     The Court can sanction a debt collector for violating its automatic stay orders if the debt collection activities are "willful."  The activities are willful if (1) the automatic stay order was in force and was actually violated; (2) the debt collector knew of the bankruptcy case and either ignored the Court's order or failed to immediately correct its action after learning of the bankruptcy case; and (3) the debt collector intentionally acted.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                P a g e | 19                Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 19 of 31 PageID #: 642

81.     Defendants' actions as alleged herein are willful violations of the Co-Debtor Stay.

82.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants' conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

83.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000.  Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

## COUNT IV

### VIOLATION OF STATUTE:
### REAL ESTATE SETTLEMENT PROCEDURES ACT
### 12 U.S.C. § 2601 *et seq.*

84.     Paragraphs 1-83, above, are hereby restated and incorporated herein.

85.     The Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.*, requires lenders, mortgage brokers, and servicers of home loans to provide pertinent and timely disclosures regarding the nature and costs of the real estate settlement process.  The Department of Housing and Urban Development ("HUD") promulgated Regulation X, 24 C.F.R. 3500, which implements RESPA.  The National Affordable Housing Act of 1990 amended RESPA to require detailed disclosures concerning the transfer, sale, or assignment of mortgage servicing.  The BAC Parties and their principals, agents, subagents and representatives are subject to the requirements of RESPA and Regulation X.

86.     RESPA provides a private right of action for violation of the disclosure requirements in 12 U.S.C. §§ 2605, 2607 and 2608.  Section 2605 provides for disclosures and notices relating to the assignment, sale or transfer of loan servicing.  Section 2607 prohibits kickbacks and unearned fees.

87.     12 U.S.C. § 2605(e) provides that (i) if any servicer of a federally related mortgage loan receives a QWR from an authorized agent for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days unless the

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 20                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 20 of 31 PageID #: 643

action requested is taken within such period and (ii) not later than 60 days after the receipt of any qualified written request and, if applicable, before taking any action with respect to the inquiry, the servicer shall provide the authorized agent a statement of the reasons for which the servicer believes the account is correct as determined by the servicer and the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance.

88.     The BAC Parties claim to have been engaged in the servicing of the Mortgage Loan, as defined by RESPA.  12 U.S.C. § 2605(i)(3).

89.     The BAC Parties have violated 12 U.S.C. § 2605(b), (c) by not providing Plaintiff with timely notice in writing of the purported assignment, sale, or transfer of the servicing of the Mortgage Loan, including the Robosigned Allonges and the MERS Assignment.

90.     Plaintiff and Meridian on several occasions called, mailed, faxed and emailed to Defendants requests for information relating to the servicing of the Mortgage Loan.

91.     Defendants have repeatedly violated 12 U.S.C. § 2605(e) by not acknowledging receipt of Plaintiff and Meridian's requests.

92.     Defendants have repeatedly violated 12 U.S.C. § 2605(e) by not responding to Plaintiff's Plaintiff and Meridian's requests.

93.     Defendants timely received from Plaintiff and Meridian proof of hazard insurance coverage for the Real Property securing the Mortgage Loan.

94.     12 U.S.C. § 2605(k) provides that a mortgage loan servicer shall not obtain force-placed hazard insurance unless there is a reasonable basis to believe the borrower has failed to comply with the loan contract's requirements to maintain property insurance.  The BAC Parties obtained force-placed hazard insurance for the Property in violation of 12 U.S.C. § 2605(k).

95.     12 U.S.C. § 2605(k) provides that a mortgage loan servicer shall not fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan.  Defendants violated 12 U.S.C. § 2605(k) by not timely providing this information.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 21                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 21 of 31 PageID #: 644

96.     12 U.S.C. § 2605(f) provides that whoever fails to comply with any provision of this section shall be liable to individual borrowers for each such failure in an amount equal to the sum of any actual damages to the borrower as a result of the failure and any additional damages, as the Court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

97.     The BAC Parties have charged Plaintiff for and have collected from Plaintiff unearned fees.

98.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants' conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

99.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000 and, in addition, is entitled to statutory damages of at least $2,000 per RESPA violation.  Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

**COUNT V**

**VIOLATION OF STATUTE:**
**TRUTH IN LENDING ACT**
**15 U.S.C. § 1601, *et seq.***

100.     Paragraphs 1-99, above, are hereby restated and incorporated herein.

101.     The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*., gives a debtor rights and a creditor obligations when both parties enter into a credit agreement, such as that of a mortgage loan, and is meant to protect consumers from fraud, predatory lending and misrepresentation of terms by creditors.  TILA requires The BAC Parties to clearly disclose important terms to Plaintiff.

102.     15 U.S.C. § 1641(g) requires certain disclosures to be provided by the BAC Parties to Plaintiff when there is a change in the ownership of the Mortgage Loan.  The TILA requirements require that Plaintiff be provided notice of a new creditor, and that within 30 days of buying or being assigned the

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                     P a g e | 22                     Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 22 of 31 PageID #: 645

Mortgage Loan, the new creditor must notify Plaintiff in writing the following information: (1) The identity, address and telephone number of the new creditor; (2) the date of transfer; (3) how to reach an agent or party having authority to act on behalf of the new creditor; (4) the location of the place where transfer of ownership of the debt is recorded; and (5) any other relevant information regarding the new creditor.

103.    The BAC Parties claim to be "covered persons" as defined by 12 C.F.R. Section 226, also known as "Regulation Z." Regulation Z explains that a covered person "means any person, as defined in § 226.2(a)(22), that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelve-month period."

104.    Pursuant to TILA, 15 U.S.C. § 1641(f)(2), the BAC Parties must provide Plaintiff, if requested, the identity of the owner(s) of the Mortgage Loan or creditor(s).

105.    The BAC Parties violated 15 U.S.C. §§ 1641(g) and 1641(f)(2) by not providing Plaintiff in writing the following information: (1) The identity, address and telephone number of the new creditor; (2) the date of transfer of the Mortgage Loan; (3) how to reach an agent or party having authority to act on behalf of the new creditor; (4) the location of the place where transfer of ownership of the Mortgage Loan is recorded; (5) any other relevant information regarding the new creditor; and (6) the identity of the owner(s) of the Mortgage Loan.

106.    When engaging in the acts as set forth hereinabove, the BAC Parties acted maliciously, i.e., with ill will, hatred and/or spite. The BAC Parties' conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

107.    The BAC Parties wrongful acts as alleged herein have caused and are causing damage to Plaintiff. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000. Plaintiff also is entitled to statutory damages and an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter the BAC Parties and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 23                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 23 of 31 PageID #: 646

## COUNT VI

### VIOLATION OF STATUTE:
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, *et seq.*

108.     Paragraphs 1-107, above, are hereby restated and incorporated herein.

109.     The California Fair Debt Collection Practices Act ("CFDCPA"), Cal. Civ. Code § 1788 *et seq.*, requires that Defendants comply with the provisions of the FDCPA.  Cal. Civ. Code § 1788.17.

110.     Defendants violated Cal. Civ. Code § 1788.17 by engaging in conduct, the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the Mortgage Loan, a violation of 15 U.S.C. § 1692(d).

111.     Defendants violated Cal. Civ. Code § 1788.17 by misrepresenting the status of the Mortgage Loan, a violation of 15 U.S.C. § 1692(e)(s)(A).

112.     Defendants violated Cal. Civ. Code § 1788.17 by using unfair or unconscionable means to collect or attempt to collect the Mortgage Loan, a violation 15 U.S.C. § 1692(f).

113.     Defendants violated Cal. Civ. Code § 1788.17 by using deceptive means to collect or attempt to collect the Mortgage Loan, a violation of 15 U.S.C. § 1692e(10).

114.     The foregoing violations of 15 U.S.C. § 1692 by Defendants result in separate violations of Cal. Civ. Code § 1788.17.

115.     The forgoing acts by Defendants were willful and knowing violations of the CFDCPA, are sole and separate violations under Cal. Civ. Code § 1788.30(b), and trigger multiple $1,000.00 penalties.

116.     Cal. Civ. Code § 1788.17 provides that Defendants are subject to the remedies of 15 U.S.C. § 1692(k) and for failing to comply with the provisions of the FDCPA.

117.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants' conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

118.     Defendants acts as set forth hereinabove were intentional, persistent, frequent and devious violations of 15 U.S.C. § 1692, which trigger additional damages of $1,000.00 under 15 U.S.C. §

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 24                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 24 of 31 PageID #: 647

1692(k)(a)(2)(A).

119.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000.  Plaintiff also is entitled to statutory damages and an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

## COUNT VII

## FRAUD AND MISREPRESENTATION

120.     Paragraphs 1-119, above, are hereby restated and incorporated herein.

121.     Defendants made representations, promises and assurances to Plaintiff and Meridian, by phone and in writing many times from May 2011 through March 2013, some of which are set forth hereinabove, regarding the Mortgage Loan, the Real Property, the Note, and the Deed of Trust including, but not limited to, the ownership, servicing and provenance of the Mortgage Loan and the amounts due thereunder, including amounts charged Plaintiff for property insurance and other expenses.

122.     At the time Defendants made said representations, promises and assurances they knew or should have known that such representations, promises and/or assurances were false. Defendants' fraudulent intent is evidenced by their respective unsubstantiated positions regarding the ownership, servicing and provenance of the Mortgage Loan and the right to foreclose pursuant thereto and the amounts due thereunder, including amounts charged Plaintiff and/or Meridian for property insurance and other expenses.

123.     Plaintiff and Meridian justifiably relied upon Defendants false and misleading representations regarding the ownership, servicing and provenance of the Mortgage Loan and the right to foreclose pursuant thereto and the amounts due thereunder, including amounts charged Plaintiff and/or Meridian for property insurance and other expenses, to Plaintiff and Meridian's detriment and as a direct and proximate result has suffered damages.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 25                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 25 of 31 PageID #: 648

124.     Defendants' wrongful acts as alleged herein for fraud, constructive fraud, concealment, promissory fraud, intentional misrepresentations, and/or negligent misrepresentations have caused and are causing damage to Plaintiff and Meridian.

125.     When engaging in the acts as set forth hereinabove, Defendants, and each of them, acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants' conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

126.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff and Meridian.  As a direct and proximate result of the aforementioned acts, Plaintiff and Meridian have suffered compensatory and consequential damages of at least $250,000.  Plaintiff and Meridian also are entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

## COUNT VIII

## SLANDER OF TITLE AND QUIET TITLE TO REAL PROPERTY

127.     Paragraphs 1-126, above, are hereby restated and incorporated herein.

128.     Plaintiff and Meridian have interests in the Real property and the Personal Property, the latter which derives its principal, income and remainder interests from the Real Property.

129.      Defendants published false statements about the title to the Real Property, e.g., the ownership of the Mortgage Loan, the right and standing to engage in debt collection efforts regarding the Mortgage Loan, and the right and standing to foreclose on the Real Property. Defendants have not established the validity of the Mortgage Loan, that it is the lawful holder and owner of the Mortgage Loan, or that it has the right to enforce the Mortgage Loan, through proper assignment, transfer or otherwise.

130.     Defendants have not provided Plaintiff or Meridian with competent and persuasive evidence to support their claim to a secured interest in and/or to the Real Property.

131.     Defendants have not provided Plaintiff or Meridian with competent and persuasive evidence to support their standing to assert and/or defend a secured interest in and/or to the Real Property.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                                    P a g e | 26                                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 26 of 31 PageID #: 649

132.     Defendants have not performed all conditions precedent to enforcement procedures relating to the Real Property the Mortgage Loan and/or the Deed of Trust encumbering the Real Property.

133.     There is no proof of a chain of title establishing that any Defendant has a valid and perfected security interest in and/or to the Real Property.

134.     The BAC Parties claim that they are the rightful owner(s) of the Mortgage Loan and Plaintiff and Meridian dispute this claim.

135.     The claims of Defendants are clouds on title to the Real Property.

136.     Plaintiff and Meridian seeks a judicial declaration that the title to the Real Property is vested in the rightful owners of the Real Property and the Personal Property and that the BAC parties be declared to have no interest estate, right, title or interest in the Real Property or the Personal Property and that the BAC Parties, their agents and assigns, be forever enjoined from asserting any estate, right, title or interest in the Real Property and the Personal Property subject to the rightful owners' rights.

137.     When engaging in the acts as set forth hereinabove, Defendants acted maliciously, i.e., with ill will, hatred and/or spite.  Defendants' conduct and actions also constitute such a reckless disregard for the rights of others that a conscious indifference to consequences can be implied.

138.     Defendants' wrongful acts as alleged herein have caused and are causing damage to Plaintiff.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered compensatory and consequential damages of at least $250,000.  Plaintiff also is entitled to an award of exemplary and punitive damages of at least $2,250,000 as necessary to punish and deter Defendants and others similarly situated and/or acting in concert with them from such future fraudulent, unfair and bad faith conduct.

## COUNT IX

## INJUNCTIVE RELIEF

139.     Paragraphs 1-38, above, are hereby restated and incorporated herein.

140.     The Real Property and the Personal Property are innately unique and money damages will be inadequate to redress a deprivation of any interest in either the Real Property or the Personal Property.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 27                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 27 of 31 PageID #: 650

141.     Plaintiff and Meridian have no other adequate remedy at law and the injunctive relief prayed for is necessary and appropriate at this time to prevent irreparable loss to Plaintiff and Meridian.  Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct, e.g., their foreclosure and unlawful debt collection practices, is restrained and enjoined and it is and will be impossible for Plaintiff and Meridian to determine the precise amount of damage Plaintiff and Meridian will suffer.

142.     Defendants and their authorized representatives are aware of and have knowledge of their unlawful and improper acts as described hereinabove, including the debt collection and foreclosure actions and Co-Debtor Stay violations as set forth above.

143.     Unless enjoined by this Court, Plaintiff and Meridian's rights will continue to be violated by Defendants and/or others.   Adequate compensatory or other corrective relief will not be sufficient or available at a later date to remedy the unlawful and improper acts as described hereinabove.  Plaintiff and Meridian's damages are inadequate at law and monetary damages would not afford them adequate relief. Further, there is a substantial threat that Plaintiff and Meridian will suffer irreparable harm unless injunctive relief is granted; the threatened injury to Plaintiff and Meridian if the injunctive relief is denied outweighs the possible harm to Defendants and others if relief is granted; and the issuance of injunctive relief in Plaintiff and Meridian's favor will serve the public interest.

144.     Accordingly, the Plaintiff and Meridian seek a temporary and permanent injunction against Defendants and others acting in concert and/or in cooperation with any of them, pursuant to applicable state and federal laws, including Fed. R. Civ. P. 65.

## COUNT X

## ACCOUNTING

145.     Paragraphs 1-44, above, are hereby restated and incorporated herein.

146.     Plaintiff and Meridian seek an accounting, from the date the Mortgage Loan was originated to the present, of all activity relating to the Mortgage Loan as requested in the QWR and as provided by applicable statutes and laws.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 28                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 28 of 31 PageID #: 651

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by a jury including, but not limited to, those issues and claims set forth in any complaint or amended complaint or counterclaim or third party claim herein.

**WHEREFORE,** Plaintiff and Meridian pray:

a.   That proper process issue and that Defendants be required to answer this Amended Complaint within the time allowed under applicable law;

b.   For a jury trial, demanded for all issues triable by a jury;

c.   That this Court enter judgment against Defendants, and each of them, and in favor of Plaintiff and/or Meridian for each law violation alleged in this Complaint;

d.   That this Court enter a permanent injunction to prevent future violations of the FDCPA, RESPA, TILA, the CFDCPA, and the Co-Debtor Stay by Defendants and others acting in concert and/or in cooperation with any of them;

e.   For quiet title to the Real Property as requested hereinabove;

f.   For an accounting as requested hereinabove;

g.   For compensatory damages in of $250,000 or more according to proof;

h.   For treble damages as allowed by law;

i.   For statutory damages as allowed by law;

j.   For punitive and exemplary damages of $2,250,000 or more as allow by law;

k.   For an accounting of all monies paid to and/or by Defendants related to the Real Property;

l.   For interest on the obligations due hereunder as allowed by law;

m.   For attorneys fees as allowed by law;

n.   For costs of suit incurred herein; and

o.   For such other and further relief as the Court may deem just and proper.

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 29                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 29 of 31 PageID #: 652

Respectfully submitted,

By: /s/ *Scott D. Johannessen*
    Scott D. Johannessen
    TN BPR # 26767; CA SB # 128841
    LAW OFFICES OF SCOTT D. JOHANNESSEN
    3200 West End Avenue, Suite 500
    Nashville, TN 37203
    Telephone:  877.863.5400
    Facsimile:  877.863.5401
    E-Mail:    scott@sdjnet.com
    Web:     www.sdjnet.com

    *Attorney for Plaintiffs*

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.
P a g e | 30
Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 30 of 31 PageID #: 653

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.01, the undersigned hereby certifies that on the 4th day of June 2013 she caused a true and correct copy of the following document:

AMENDED COMPLAINT

to be delivered to the following persons/entities appearing of record herein via electronic mail through the Court's ECF system:

H. Frederick Humbracht
Bradley Arant Boult Cummings LLP
1600 Division Street, Suite 700
Nashville, TN 37203

By:  /s/*Lorrie A. Johannessen*
Lorrie A. Johannessen

Meridian Venture Partners LLC
v. Bank of America, N.A., et al.                    P a g e | 31                    Amended Complaint

Case 3:13-cv-00296   Document 34   Filed 06/07/13   Page 31 of 31 PageID #: 654