IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SCOTT JOHANNESSEN and MERIDIAN VENTURE PARTNERS LLC, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | CIVIL ACTION FILE NO. |
| BAC HOME LOANS SERVICING LP, BANK OF AMERICA, N.A., and QUALITY LOAN SERVICE CORPORATION, | ) | 3:13-CV-296 |
| | ) | Judge Haynes<br>Magistrate Judge Griffin |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT QUALITY LOAN SERVICE CORPORATION'S MOTION TO DISMISS COMPLAINT**

COMES NOW Defendant Quality Loan Service Corporation, while preserving and not waiving any defenses under FRCP 12(b), including without limitation all improper venue, insufficiency of process, and insufficiency of service of process defenses, and files this its Motion to Dismiss Complaint pursuant to FRCP 12(b)(6), showing unto the Court as follows:

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs filed this action asserting various claims and causes of action arising out of a mortgage loan transaction and Bank of America's efforts to foreclose upon the property. The complaint, even as amended, is in classic improvident shotgun style, being 30 pages long, and containing 146 paragraphs and ten separate counts for relief. (D.E. # 34)[1]. Plaintiffs assert a multitude of acts and conduct allegedly giving rise to their claims and causes of action, but as shown below, those claims and causes of action fail to state a claim upon which relief can be granted against Quality Loan Service Corporation. More specifically, the Amended Complaint

[1] Incredibly, this is a *reduction* in size and content from Plaintiff Johannessen's original Complaint!

barely even mentions Quality Loan Service Corporation at all (except at ¶ 7) and simply lumps Quality Loan in with the other Defendants as a purported "agent" or "sub-agent" of them, without explaining or setting forth any facts to connect Quality Loan with this loan transaction.

The facts of this matter are well-summarized in the statement of facts contained in Bank of America's own Motion to Dismiss Amended Complaint (D.E. # 38, pp. 1-4) and Quality Loan Service Corporation incorporates that statement here by reference, and further, hereby joins in that motion in order that a dismissal of this infirm case be comprehensive and effective as to all named defendants herein. Throughout the litany of invective in the Amended Complaint, and after having one bite at the amendment apple, Plaintiffs still never specify what Quality Loan Service Corporation did or failed to do that allegedly damaged them. As set forth below, the complaint should be dismissed.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. Legal Standards Applicable to this Motion.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on a pending motion to dismiss, all of the well-pleaded factual allegations in Plaintiffs' complaint must be accepted as true and construed in the light most favorable to Plaintiffs. *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). But "[t]he standard of review 'requires more than the bare assertion of legal conclusions.' And, this Court 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001) (citations omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC*, 500 F.3d at 527.

Pursuant to Rule 8, "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." See Fed. R. Civ. P. 8(a). A complaint may be dismissed under Fed. R. Civ. P. 8(a) where it fails to "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 127; *Iqbal,* 129 S.Ct. at 1949. A complaint must not be "so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading." Id.; Fed. R. Civ. P. 12(e). Moreover, pursuant to *Iqbal* and *Twombly*, to survive a motion to dismiss pursuant to Rule 8(a), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570) (emphasis added).

For fraud allegations, "[e]ven stricter pleading requirements apply to plaintiffs' fraud claim." *Simpkins v. SunTrust Mortg., Inc.,* 2012 WL 3095570 at *3 (E.D. Tenn. 2012). Rule 9(b) requires that 'in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.' F.R.C.P. 9(b). To satisfy this requirement, 'a plaintiff must, at a minimum, allege the time, place and content of the alleged misrepresentation upon which he relied; the fraudulent intent of the defendant; and the injury resulting from the fraud.' *Simpkins*, 2012 WL 3095570 at *3.

**B. Plaintiffs' FDCPA and California FDCPA Claims Fail.**

In Counts I and VI of the Amended Complaint, Plaintiffs assert that "Defendants" violated the federal and California[2] FDCPA. The FDCPA claims should be dismissed because Plaintiffs never assert any facts showing that Quality Loan Service Corporation is a "debt collector" under the FDCPA or specify what role, if any, Quality Loan Service Corporation has regarding this loan transaction.

A creditor under the FDCPA is "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4); *see Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003). The note was endorsed by Sierra Mortgage to Countrywide Bank, N.A. and to Countrywide Home Loans. Bank of America is successor by merger to Countrywide Home Loans. Accordingly, Bank of America is a creditor because the debt is owed to it. And again, no factual allegations even exist to specify what Quality Loan's role even is with respect to this debt.

---

[2] The California FDCPA mirrors the federal statute. See, e.g., *LAL v. Am. Home Serv*., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (granting motion to dismiss state FDCPA claim because state act "mirror[s] . . . the FDCPA" and thus does not treat a loan servicer as a debt collector); *Nool v. Homeq Serv*., 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (same); *In re Cobb*, 2010 WL 4942545, at *5 (E.D. Cal. 2010) ("[S]everal courts within this Circuit have also concluded that in mirroring provisions of the [FDCPA], a mortgage servicing company or assignee of the debt is not considered a 'debt collector' under the [California] FDCPA.")

To be subject to the FDCPA, Quality Loan must be a "debt collector." A "debt collector" under the FDCPA is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). An entity whose principal purpose is the extending of credit, not the collection of debts, is not a debt collector subject to the FDCPA. *Lewis v. ACB Bus. Services, Inc.,* 135 F.3d 389, 411 (6th Cir. 1998). *See also Hennington v. Bank of America et al.,* 2010 U.S. Dist. LEXIS 141497, at *22 (N.D. Ga. Dec. 21, 2010) (copy attached) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). The Sixth Circuit has recognized that lenders and loan servicers are not "debt collectors" under the FDCPA, unless they were assigned the debt after it was already in default. *Bridge v. Ocwen Fed. Bank, FSB,* 681 F.3d 355, 359 (6th Cir. 2012). Entities are not acting as debt collectors for purposes of the FDCPA when attempting to collect their own debt. *See Fox v. HSBC Mortg. Servs.,* 2009 WL 129797, at *3 (E.D. Tenn. 2009); *Romberger v. Wells Fargo Bank, N.A.,* 2008 WL 3838026, at *4 (E.D. Mich. 2008). Without allegations specifying Quality Loan Service Corporation's role[3] in this loan, the only permissible outcome of this case is dismissal against Quality Loan Service Corporation.

Further, the loan application itself, and Plaintiffs' own factual allegations in the Amended Complaint, state that the purpose of the loan was to refinance an existing loan on rental property then owned by plaintiff Johannessen and his wife as investment property.

[3] If Quality Loan were a servicer or sub-servicer for Bank of America, as Plaintiffs appear to allege in the Amended Complaint at ¶ 7, then Quality Loan is exempt from the FDCPA too.

Accordingly, the loan is not one the proceeds of which were primarily for personal, family or household purposes. 15 U.S.C. §1692a(5) ("The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.") The FDCPA clearly does not apply to this loan.

**B. Plaintiffs' RESPA and TILA claims fail.**

RESPA does not apply to loans that are primarily for business, commercial or agricultural purposes. See 12 U.S.C. §2606(a)(1). As with the FDCPA, RESPA therefore does not apply to this loan. Likewise, TILA exempts from its coverage credit transactions primarily for business or commercial purposes. 15 U.S.C. § 1603. TILA does not apply to this loan.

Congress excluded from the FDCPA, RESPA and TILA, loans or other extensions of credit the proceeds of which are used primarily for business or commercial purposes. Here the loan was used to refinance a loan secured by investment property then owned by plaintiff and his wife, as admitted *in judicio* by Plaintiffs.

It is the purpose of the loan, not the security pledged for it, that determines if the loan is for business or commercial purposes. *Gerasta v. Hibernia Nat. Bank*, 411 F.Supp. 176 (E.D.La.1975), affirmed in part, reversed in part on other grounds and remanded 575 F.2d 580 (5th Cir. 1978). *Antanuos v. First Nat. Bank of Arizona*, 508 F.Supp.2d 466 (E.D. Va. 2007). Of course, if the rule were otherwise, then any lien encumbering residential real property,

regardless of the debt's underlying purpose, could be considered a "household" debt. Additionally, the relevant time to determine the nature of the debt is when the loan is made. *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290 (6th Cir. 2012).

In *Hunter v. Washington Mut. Bank*, 2012 WL 715270 (E.D. Tenn. 2012) the court addressed whether a loan used for rental property was subject to the FDCPA. In *Hunter,* plaintiff used the loan proceeds to purchase a house that was divided into four rental units. plaintiff and his wife resided in the house for several years, but renovated and rented out at least two of the rental units. *Id.*, at *2. plaintiff alleged violations of the FDCPA against attorneys alleging their communications violated the Act. *Id*. The *Hunter* court addressed the definition of "debt" under the FDCPA and noted "[i]t is a plaintiff's burden to show that the obligation at issue was incurred 'primarily for personal, family, or household purposes.'" *Matin v. Fulton, Friedman & Gullace LLP*, No. 11– 2542, 2011 WL 5925019, at *4 (E.D.Pa. Nov.14, 2011) (same). The court cited substantial authority for the proposition that the FDCPA "does not apply to obligations relating to *purely* rental property." The court also noted that "other consumer protection statutes contain concepts defined identically or similarly to the FDCPA's treatment of "debt," and the case law interpreting those definitions is instructive in the present case" and cited TILA, the bankruptcy code and RESPA.

In paragraph 8 of the Amended Complaint, plaintiffs admit that Mr. and Mrs. Johannessen were already California residents and bought a second property in California at Cagney Court which is the subject of this action. They concede that Mr. and Mrs. Johannessen obtained a mortgage loan for that second "investment" property. In paragraph 10 Plaintiffs concede the property was "rented". In Paragraph 13 Plaintiffs admit that Mr. Johannessen "managed" the Cagney Court property, that it was "rented", and that Mr. Johannessen lived

"2,300 miles away" from it. Since the loan at issue here was clearly to refinance an existing loan on the Johannessens' rental property/investment property, as repeatedly admitted by Plaintiffs *in judicio,* the loan is not subject to RESPA, TILA or the FDCPA or the California equivalent.

Finally on this point, Plaintiffs have failed to sufficiently allege damages caused by Quality Loan Servicing Corporation to support any RESPA claim under 12 U.S.C. § 2605. *Boston v. Ocwen Loan Servicing, LLC*, 2013 WL 122151 at *5 (W.D.N.C. 2013); *Ward v. Security Atlantic Mortg. Electronic Registration Systems, Inc*., 858 F.Supp.2d 561, 575 (E.D.N.C. 2012). And as the remaining defendants point out in their Motion to Dismiss, Plaintiffs also failed to attach to their Amended Complaint any RESPA Qualified Written Request they sent, or any responses thereto sent by any defendant, so the Court could even determine if a RESPA claim has been adequately stated against anyone. D.E. # 38, p. 7 fn. 7.

**C. Defendant Quality Loan Did Not Violate the Automatic Stay.**

Count III alleges that the "Defendants" violated the automatic codebtor stay under 11 U.S.C. §1301(a). But Plaintiffs fail to set forth any facts to show that Quality Loan Service Corporation ever took any action in violation of 11 U.S.C. § 362. This alone mandates dismissal under FRCP 12(b)(6).

Additionally, as already well-stated in Bank of America's Motion to Dismiss Amended Complaint (D.E. # 38), while the codebtor stay provides temporary protection to one who may be jointly liable with the Chapter 13 debtor, the stay is designed only to protect the principal debtor, not the co-debtor. Any protection of the co-debtor is incidental. *In re Leonard*, 307 B.R. 611, 614 (Bankr. E.D. Tenn. 2004); citing *Southeastern Bank v. Brown*, 266 B.R. 900, 908 (S.D. Ga. 2001). Further, the court in *In re Morris*, 385 B.R. 823, 830, fn. 8 (E.D. Va. 2009),

referenced that "[a]lthough the co-debtor stay and the debtor stay arise from separate provisions under the Code, the Court finds the case law governing the automatic stay under § 362 instructive as § 1301 was enacted, not to protect co-debtors, but to prevent creditors from circumventing the § 362 automatic stay by putting indirect pressure on the debtor through her co-debtors." citing *In re Montes*, 166 B.R. 147, 149 (Bankr. D. Mo. 1994). See *Harris v. Margaretten & Co., Inc.*, (In re Harris), 203 B.R. 46, 51 n.2 (Bankr. E.D. Va. 1994), aff'd 100 F.3d 950, 1996 WL 659434 (4th Cir. Nov. 14, 1996) ("Section 1301 was intended primarily for the benefit of the principal debtor by relieving the debtor from pressures which creditors might exert on those codebtors close to the debtor."). The purpose of the codebtor stay is to protect the debtor, not the co-debtor. In re Brooks, 340 B.R. 648, 655 (Bankr.Me., 2006).

Since the stay is for the benefit of the debtor, this is the debtor's claim, and this claim should have been brought by the debtor or in the debtor's underlying bankruptcy case. If there is a violation of the codebtor stay, that claim must be brought in the bankruptcy case of the debtor since violations of the stay are deemed to be core proceedings. Jurisdiction over a claimed violation of the stay is pursuant to 28 U.S.C. § 157 and must be asserted in the bankruptcy case of the debtor, not in a separate action, brought by the codebtor.

Further, the confirmation order included that the debtor had no interest in the Cagney Court Property. Plaintiff Johannessen has asserted that he has no interest in the property, as all interest in the property was transferred to Meridian. A foreclosure proceeding as to the Cagney Court Property was therefore not stayed as to Meridian, as Meridian was a non-party to that proceeding and a non-debtor. Thus, the institution of foreclosure against Meridian, the property owner, was not an attempt to collect on the debt of the debtor or the codebtor.

Count III thus fails to state a basis upon which relief can be granted. The debtor had no

interest in the Cagney Court Property. The co-debtor has no interest in the property. The institution of foreclosure against Meridian, the property owner, is not an attempt to collect on the debt of the debtor or the codebtor by putting pressure on the debtor through her codebtors.

Finally, as noted by Bank of America, any claim in this regard for stay violations is a "core proceeding" under the Bankruptcy Code and must be brought in the Chapter 13 proceeding, not in this Court.

**D. Plaintiffs Fail to State a Fraud Claim Against Quality Loan With Requisite Particularity.**

In Count VII of the Amended Complaint, plaintiffs purport to set forth a claim or cause of action for fraud or misrepresentation. But again, Plaintiffs do not identify a single affirmative representation, omission, or other act made or done by Quality Loan Servicing Corporation that would give rise to this cause of action. This alone violates FRCP 9(b) and its heightened pleading requirements. "Quite simply, the complaint in its present form 'present[s] a labyrinth of averments which no court should be required to decipher and no party should be required to answer.'" *Hunter v. Washington Mut. Bank,* 2008 WL 4206604, *2 (E.D.Tenn. 2008); *Simpkins v. SunTrust Mortg., Inc*. 2012 WL 3095570 (E.D. Tenn. 2012); *Calipari v. Powertel,* 231 F.Supp.2d 734, 735–36 (W.D.Tenn.2002) ("a plaintiff must, at a minimum, allege the time, place and content of the alleged misrepresentation upon which he relied; the fraudulent intent of the defendant; and the injury resulting from the fraud.").

**E. Plaintiffs Fail to State a Cause of Action to Quiet Title.**

In Count VIII plaintiffs seek to have title to the property divested from "Defendants" (without even alleging that Quality Loan ever held title to this property) and vested in the rightful owner. Again, as stated in Bank of America's Motion to Dismiss Amended Complaint,



Case 3:13-cv-00296 Document 39-1 Filed 06/27/13 Page 10 of 16 PageID #: 803

Plaintiff Johannessen does not claim to be the owner of the property. He has no interest in the real estate. He thus lacks standing to even assert a claim for quiet title. As stated in *Paczko v. Suntrust Mortgages, Inc*., 2012 WL 4450896 at *3 (Tenn.Ct.App. 2012) "One may bring an action to quiet title in realty but to do so he or she must have an interest in the property at issue." In Indus. Dev. Bd. of City of Tullahoma v. Hancock, 901 S.W.2d 382, 385 (Tenn.Ct.App.1995) the court held: "Without an interest in the property [defendant] has no standing to raise any question concerning its true ownership." See also Hall v. Fowler, No. W2006–00385–COA–R3–CV, 2007 WL 4554651, at *5 (Tenn.Ct.App. Dec. 28, 2007) ("Standing is a judge-made doctrine which has no per se recognition in the rules. It is used to refuse to determine the merits of a legal controversy irrespective of its correctness where the party advancing it is not properly situated to prosecute the action." The doctrine rests upon the idea that '[a] court may and properly should refuse to entertain an action at the instance of one whose rights have not been invaded or infringed.'").

As to Meridian, it is the current owner of the property (through an unauthorized transfer apparently not consented-to by the lender), but the property is encumbered and was encumbered when Meridian received its interests therein. While Meridian did not execute the note, the conveyance of the property to it is <u>subject to</u> the lien that was already securing the debt. Before Meridian can assert a claim, it therefore must plead that the antecedent debt secured by the property, to which Meridian is subject, has been fully paid. Meridian fails to even allege same and by consequence this action must be dismissed. FRCP 12(b)(6).

To the extent California law applies, this quiet title action is deficient there too. First, under California law, Code Civ. Proc. §761.020, the complaint must be verified and it is not. Secondly, since the complaint seems to assert that Freddie Mac actually owns the "Mortgage

Loan" it should be a party and not all indispensable parties have been named herein. Calif. Code Civ.Proc., §762.060(b). Thirdly, under California law a mortgagor cannot maintain an action to quiet title without satisfying the antecedent debt. *Mix v. Sodd*, 178 Cal.Rptr. 736, 738-39, 126 Cal.App.3d 386 (Cal.App., 1981). This is based on the equitable principle that he who seeks equity must do equity. Under these circumstances, no relief can be afforded plaintiffs as they have not paid or offered to pay the amounts due.

There are also no allegations that the lien of the deed of trust is not a valid lien on the property. Title to the property is in Meridian, but it is subject to a valid first lien of a recorded deed of trust (and apparently, the property was transferred by Plaintiffs to Meridian in violation of that deed of trust). Regardless of whether the codebtor stay was violated or whether the FDCPA, TILA, or RESPA or California law was violated (without conceding same, of course), title to the property is encumbered by a valid lien and until that lien is paid, there is no basis for awarding title to the property to Meridian. And since Plaintiffs fail to state anywhere that Quality Loan ever held an ownership interest in the debt or the property, asserting a quiet title claim against Quality Loan fails as a matter of law.

Finally, Plaintiffs take umbrage with the MERS process in, and assignment of, their loan (Amended Complaint, ¶ 17), but fail to note for the Court: (a) the fact that Plaintiff Johannessen specifically granted MERS comprehensive rights and powers in his deed of trust, and (b) directly adverse authority to his position exists in California (an especially pertinent omission, given Plaintiff Johannessen's status as a licensed attorney in Tennessee and California and his duties to this Court as such). *Herrera v. Federal National Mortgage Association*, 205 Cal.App.4th 1495, 1497, 141 Cal. Rptr.3d 326, 328 (Cal.App. 2012) ("The courts in California have universally held that MERS, as nominee beneficiary, has the power to assign its interest

under a deed of trust. Plaintiffs granted MERS such authority by signing the deed of trust.")

**F. Plaintiffs Fail to State a Cause of Action for Injunctive Relief.**

In paragraph 140 Plaintiffs state that the Property is innately unique and money damages will be inadequate to redress a deprivation of any interest in the land. But plaintiff Johannessen does not have any interest in the property and it is not his residence. It is rental property/investment property that he no longer even has an ownership interest since Meridian Venture Partners LLC now owns it. Plaintiffs thus fail to demonstrate a strong likelihood of success on the merits of their underlying claims, a predicate to being able to obtain any injunctive relief against anyone. *Tumblebus, Inc. v. Cranmer,* 399 F.3d 754, 760 (6th Cir.2005).

Further, the loan is in admitted default, Plaintiffs do not claim otherwise, and Plaintiffs offer nothing in the way of tender as a condition of the injunction, even though FRCP 65(c) is clear that:

> The court may issue a preliminary injunction or a temporary restraining order **only if** the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

(emphasis added). At a minimum, this tender of security would and should be all the past-due payments on the loan. Plaintiffs are therefore not entitled to seek injunctive relief to prevent a foreclosure on the property under any scenario. *Powell v. GMAC Mortg.,* 2010 WL 2133943, at *4 (E.D. Tenn. 2010) (declining a plaintiff's request for injunction against a lender's foreclosure where no security was offered under Rule 65).

**G. Plaintiffs' Amended Complaint Is a Classic "Shotgun Pleading".**

Plaintiffs' Amended Complaint contains ten counts alleging, *inter alia,* that all

"Defendants" violated the FDCPA, TILA, RESPA, California state law, and committed fraud. Each count of the Amended Complaint incorporates by reference all prior allegations in the Complaint, leaving the final Count Ten "an amalgamation of everything in the complaint." *Byrne v. Nezhat,* 261 F.3d 1075, 1128 (11th Cir.2001); *see* Am. Compl. ¶¶ 28, 71, 84, 100, 108, 120, 127, 139, and 145. Plaintiffs' Amended Complaint, therefore, is a clear example of a shotgun complaint which has been condemned time and again by federal appellate courts. *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279 (11th Cir.2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief." (citation omitted)); *see also Byrne,* 261 F.3d at 1130 (noting that such complaints can "wreak havoc on the judicial system" because of the resources that opposing parties and the court must waste to decipher them). Indeed, this very District has stated that shotgun complaints like the one presented here can prove suicidal for a plaintiff, inflicting Rule 11 sanctions. *Balfour Guthrie, Inc. v. Hunter Marine Transport, Inc.* 118 F.R.D. 66 (M.D.Tenn., Dec. 15, 1987), citing *Thomas v. Capital Security Services,* 812 F.2d 984, 986 (5th Cir.1987); *Southern Leasing Partners v. McMullan,* 801 F.2d 783, 787 (5th Cir. 1986); *Whittington v. Ohio River Co.,* 115 F.R.D. 201, 207 (E.D. Ky. 1987). Despite 146 separate paragraphs, ten counts for relief, and one amended pleading already, Plaintiffs still cannot articulate one single fact showing what Quality Loan Servicing Corporation did, or failed to do, that caused them alleged damages.

## CONCLUSION

Plaintiffs have not stated a single fact in the Amended Complaint showing what, if anything, Quality Loan Service Corporation did or failed to do that damaged them. As such, any claims against Quality Loan Service Corporation are merely conclusory in nature and subject to

immediate dismissal under Fed.R.Civ.P. 12(b)(6); *Bellamy v. Tennessee,* 2009 WL 3734130, at *2-3 (M.D.Tenn. Nov. 6, 2009).

WHEREFORE, Defendant Quality Loan Service Corporation prays that the Court DISMISS this complaint against it with prejudice and GRANT such other and further relief to which Quality Loan Service Corporation may justly be entitled.

This 27 day of June, 2013.

MCCURDY & CANDLER, L.L.C.

By: /s/Frank R. Olson
TN BPR # 23999
Attorneys for Defendant Quality Loan Service Corporation

Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 214-5829
folson@mccurdycandler.com

MCCURDY & CANDLER, L.L.C.

/s/Robert J. Wilkinson
TN BPR # 15083
Attorneys for Defendant Quality Loan Service Corporation

1110 Market Street
Suite 400
Chattanooga, TN 37402
(423) 308-0757
jwilkinson@mccurdycandler.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being is being served via the Court's ECF system on this the 27 day of June, 2013, upon:

Scott D. Johannessen
3200 West End Avenue
Suite 500
Nashville, TN 37203

H. Frederick Humbracht
Bradley Arant Boult Cummings
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, TN 37203

This 27 day of June, 2013.

/s/Frank R. Olson
TN BPR # 23999
Attorneys for Defendant Quality Loan Service Corporation

Six Piedmont Center, Suite 700
3525 Piedmont Road, N.E.
Atlanta, GA 30305
(404) 214-5829
folson@mccurdycandler.com